1   Bryan A. Merryman (SBN 134357)
    bmerryman@whitecase.com
2   Catherine S. Simonsen (SBN 307325)
    catherine.simonsen@whitecase.com
3   WHITE & CASE LLP
    555 S. Flower Street, Suite 2700
4   Los Angeles, CA  90071-2433
    Telephone:  (213) 620-7700
5   Facsimile:  (213) 452-2329

6   Attorneys for Defendant
    GERBER PRODUCTS COMPANY
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  THE LAST BEACH CLEANUP,                    Case No. _____

12           Plaintiff,

13       v.                                    **DEFENDANT GERBER PRODUCTS
                                               COMPANY'S NOTICE OF REMOVAL**
14  TERRACYCLE, INC.; CSC BRANDS LP;
    GERBER PRODUCTS COMPANY; LATE
15  JULY SNACKS, LLC; L'OREAL USA S/D,
    INC.; MATERNE NORTH AMERICA; THE
16  COCA-COLA COMPANY; THE CLOROX
    COMPANY; THE PROCTER & GAMBLE
17  COMPANY; TOM'S OF MAINE, INC.; and
    DOES 1 through 100, inclusive,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

- 1 -

AMERICAS 108403296                                NOTICE OF REMOVAL

1     **NOTICE IS HEREBY GIVEN** that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441,

2     and 1446, defendant Gerber Products Company ("Gerber") hereby removes this action to this

3     Court from the Superior Court of the State of California for the County of Alameda.  All non-

4     fraudulently joined defendants consent to this removal.[1]

5     Pursuant to 28 U.S.C. § 1446(a), Gerber hereby provides the following statement of the

6     grounds for removal:

7                                          **BACKGROUND**

8     1.     On March 4, 2021, plaintiff The Last Beach Cleanup ("LBC") filed a civil

9     complaint ("Complaint") against defendants TerraCycle, Inc. ("TerraCycle"), CSC Brands LP

10    ("CSC"), Gerber, Late July Snacks, LLC ("Late July"), L'Oreal USA S/D, Inc. ("L'Oreal"),

11    Materne North America ("Materne"), The Coca-Cola Company ("Coca-Cola"), The Clorox

12    Company, The Procter & Gamble Company ("P&G"), and Tom's of Maine, Inc. ("Tom's")

13    (collectively, "Defendants") in Alameda County Superior Court.  In accordance with 28 U.S.C.

14    § 1446(a), the Complaint and all other process, pleadings, and orders filed in the state court action

15    are attached as **Exhibit A**.

16    2.     The Complaint alleges three counts for violations of the Unfair Competition Law

17    ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* under the "fraudulent," "unlawful," and

18    "unfair" acts and practices prongs.

19    3.     The Complaint describes LBC as "a non-profit, public interest organization" that

20    "works to reduce plastic pollution, protect public spaces and wildlife from myriad harms related

21    to plastic pollution, and ensure that consumers are not misled by environmental marketing claims

22    related to plastic." Compl. ¶ 7. LBC alleges that the non-TerraCycle defendants "advertise,

23    market and sell a variety products and packaging made from single-use plastics and other

24    materials that are difficult to recycle with an unqualified representation stating that they are

25    recyclable with TerraCycle, Inc." *Id.* ¶ 2.  TerraCycle "work[s] with companies to offer free

26    _____

27    [1] The consent of the fraudulently joined defendant, The Clorox Company, is not required.  *See United Computer Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 762 (9th Cir. 2002) ("the rule of unanimity does not apply to . . . *fraudulently joined* parties") (emphasis in original); *see* 28 U.S.C.

28    § 1441(a) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

NOTICE OF REMOVAL

programs for consumers to recycle products that established municipal recycling programs are not capable of recycling." *Id.* LBC alleges that after TerraCycle receives the non-TerraCycle defendants' products, "it is unclear whether the [p]roducts are actually recycled," and avers that they instead "typically end up in landfills, incinerators, communities, or the natural environment." *Id.* ¶¶ 3-4.

4.      LBC largely bases its claims on allegations of Defendants' failure to comply with the Federal Trade Commission's *Guides for the Use of Environmental Marketing Claims* ("Green Guides"), 16 C.F.R. § 260.1, *et seq. See, e.g.*, Compl. ¶¶ 32-34, 36-38, 51, 53, 58, 70-71, 80-81 (citing to Green Guides as a basis for allegations).

5.      On June 18, 2021, LBC sent a notice and acknowledgment of receipt of the summons and Complaint to Gerber. *See* Ex. A at 76-77. On July 8, 2021, Gerber executed and returned the signed acknowledgment of receipt of summons, *see id.* at 79, and thus service was deemed complete on that date. *See* Cal. Civ. Proc. Code § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.").

## REMOVAL TO THIS COURT IS TIMELY

6.      Section 1446(b) provides that removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

7.      Removal is timely because Gerber filed this Notice on August 6, 2021, within 30 days of the effective date of service on it of July 8, 2021. *See Thomas v. Facebook, Inc.*, 1:18-cv-00856-LJO-BAM, 2018 U.S. Dist. LEXIS 138333, at *7-8 (E.D. Cal. Aug. 14, 2018) (removal was timely where defendant "signed and returned the Notice and Acknowledgement of Receipt within 20 days of its mailing, pursuant to Cal. Civ. Proc. Code § 415.30, and filed and served its removal papers within 30 days of that date of formal service, pursuant to 28 U.S.C. § 1446(b)").

**VENUE**

8.      This case is properly removed to this District because the Superior Court of the State of California for the County of Alameda, where LBC commenced this action, is located within the Northern District of California.  *See* 28 U.S.C. § 84(a); *see generally* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

9.      In accordance with 28 U.S.C. § 1446(d), Gerber will promptly provide written notice of removal of this action to all parties and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Superior Court of the State of California for the County of Alameda.  A copy of the notice to be filed in the state court action is attached as **Exhibit B**.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION BECAUSE LBC FRAUDULENTLY JOINED THE CLOROX COMPANY AND THE REMAINING DEFENDANTS ARE DIVERSE FROM LBC AND NOT CITIZENS OF CALIFORNIA**

10.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  28 U.S.C. § 1441(a).  The district courts of the United States have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and "is between . . . Citizens of different States . . . ."  28 U.S.C. § 1332(a), (a)(1).

**The Non-Fraudulently Joined Defendants Are Diverse from LBC and Not California Citizens**

11.      For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign State by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  Unincorporated associations such as limited partnerships and limited liability companies have the citizenship of each of their members for purposes of diversity jurisdiction.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

12.      According to the Complaint, LBC is a non-profit, public interest organization headquartered in California.  Compl. ¶ 7.  LBC is therefore a citizen of California.

13.     Defendant TerraCycle is a Delaware corporation with its principal place of business in Trenton, New Jersey.  *See id.* ¶ 17.  TerraCycle is therefore a citizen of Delaware and New Jersey.

14.     Defendant CSC is a Delaware limited partnership with its principal place of business in Camden, New Jersey.  CSC's sole limited partner is Campbell Soup Company, a New Jersey corporation with its principal place of business in New Jersey.  CSC's sole general partner is Campbell Finance 2 Corporation, a Delaware corporation with its principal place of business in New Jersey.  CSC is therefore a citizen of Delaware and New Jersey.

15.     Defendant Gerber is a Michigan corporation with its principal place of business in Arlington, Virginia.  *See* Compl. ¶ 19.  Gerber is therefore a citizen of Michigan and Virginia.

16.     On February 1, 2021, Defendant Late July Snacks, LLC merged with and into S-L Snacks National, LLC, which subsequently merged with and into Snyder's-Lance, Inc.  Snyder's-Lance, Inc. is incorporated in North Carolina, has its principal place of business in North Carolina, and is a wholly-owned indirect subsidiary of Campbell Soup Company.

17.     Defendant L'Oreal is a Delaware corporation with its principal place of business in New York, New York.  *See* Compl. ¶ 21.  L'Oreal is therefore a citizen of Delaware and New York.

18.     Defendant Materne is a New York corporation with its principal place of business in New York.  *See id.* ¶ 22.  Materne is therefore a citizen of New York.

19.     Defendant Coca-Cola is a Delaware corporation with its principal place of business in Atlanta, Georgia.  *See id.* ¶ 23.  Coca-Cola is therefore a citizen of Delaware and Georgia.

20.     Defendant P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  *See id.* ¶ 25.  P&G is therefore a citizen of Ohio.

21.     Defendant Tom's is a Maine corporation with its principal place of business in Kennebunk, Maine.  *See id.* ¶ 26.  Tom's is therefore a citizen of Maine.

22.     LBC also names The Clorox Company as a defendant.  The Clorox Company is a Delaware corporation that LBC alleges has its principal place of business in Oakland, California.

1   *Id.* ¶ 24.  The only product the Complaint identifies as allegedly manufactured, distributed, and

2   sold by The Clorox Company with a challenged claim on its label is "Burt's Bees Deep Pore

3   Scrub with Peach & Willow Bar."  *Id.*  Burt's Bees, Inc. is a separate and distinct legal entity

4   from The Clorox Company.  *See* Declaration of Bryan A. Merryman ("Merryman Decl."),

5   **Exhibit C** (excerpts from The Clorox Company's October 30, 2007 Form 8-K filed with the U.S.

6   Securities and Exchange Commission), at 2; *see id.*, **Exhibit D** (excerpts from The Clorox

7   Company's June 30, 2020 Form 10-K filed with the U.S. Securities and Exchange Commission),

8   at 2-3.[2]  The Clorox Company does not manufacture, distribute, or sell this product.  *See id.*,

9   **Exhibit E** (packaging of the Burt's Bees Peach & Willow Bark Deep Pore Scrub), at 1.

10  Accordingly, this Court should not consider the citizenship of The Clorox Company for the

11  purpose of determining diversity of the parties because LBC improperly joined The Clorox

12  Company as a defendant in an effort to avoid federal jurisdiction.

13       23.    Because all of the non-fraudulently joined defendants are citizens of states

14  different from the state citizenship of LBC, and are not California citizens, complete diversity

15  exists, *see* 28 U.S.C. § 1332(a)(1), and removal is permitted under 28 U.S.C. § 1441(b)(2).

16       24.    Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity,

17  meaning the citizenship of each plaintiff must be different from the citizenship of each defendant.

18  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Nonetheless, "'one

19  exception to the requirement for complete diversity is where a non-diverse defendant has been

20  'fraudulently joined'" as a defendant.  *Salkin v. United Servs. Auto. Ass'n*, 767 F. Supp. 2d 1062,

21  1065 (C.D. Cal. 2011) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir.

22  2009)); *see Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  "Joinder of a non-

23  _____

24  [2] The exhibits to the Merryman Declaration are subject to judicial notice under Fed. R. Evid.
    201(b).  The facts therein cited by Gerber are not subject to reasonable dispute because they can
    be accurately and readily determined from sources whose accuracy cannot reasonably be

25  questioned.  *See, e.g., United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, Nos. CV-09-
    1888-MRP (JWJx); CV-09-2732-MRP (JWJx), 2009 U.S. Dist. LEXIS 136746, at *55 n.29 (C.D.

26  Cal. July 1, 2009) (publicly filed SEC documents can be judicially noticed); *see, e.g., Hawyuan
    Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-cv-06664-BLF, 2020 U.S. Dist. LEXIS 185322, at *9

27  (N.D. Cal. Oct. 6, 2020) ("[C]ourts regularly take judicial notice of product labels when those
    product labels form the basis of the relevant causes of action."); *see O'Toole v. Northrop

28  Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (courts routinely take "judicial notice of
    factual information found on the world wide web.").

NOTICE OF REMOVAL

diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067.

25.     A "defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted). "'[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.'" *Morris*, 236 F.3d at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

26.     LBC does not state a claim against The Clorox Company. "To determine whether the plaintiff has stated a cause of action against a resident defendant, the court looks to the complaint and need not 'speculate about possible claims.'" *Saaiman v. Am. Gen. Life Ins. Co.*, No. 18-cv-596-BTM-AGS, 2019 U.S. Dist. LEXIS 70265, at *5 (S.D. Cal. Apr. 25, 2019) (citing *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 406 (9th Cir. 2016)). The Clorox Company is the parent company of Burt's Bees, Inc., the manufacturer of the only product with a challenged claim on its label identified in the Complaint that LBC alleges incorrectly is manufactured, distributed, and sold by The Clorox Company. *See* Merryman Decl. **Exhibit C**, at 2; *see id.*, **Exhibit D**, at 2-3. Burt's Bees, Inc. is an entirely separate and legally distinct company from The Clorox Company. *See id.* "'It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.'" *Salkin*, 767 F. Supp. 2d at 1065 (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).

27.     LBC does not allege any facts indicating The Clorox Company can be held vicariously liable as Burt's Bees, Inc.'s parent corporation for the conduct of Burt's Bees, Inc. in allegedly manufacturing, distributing, and selling "Burt's Bees Deep Pore Scrub with Peach & Willow Bar" containing the challenged representations on its label. "Whether or not a plaintiff may recover on the stated claims against the resident defendants does *not* include consideration of

1    whether, with further discovery, the plaintiff may uncover a factual basis for its claims . . . ." *TPS*

2    *Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002).  Accordingly, LBC

3    fails to state a claim against, and fraudulently joined, The Clorox Company.  *See, e.g., Saaiman*,

4    2019 U.S. Dist. LEXIS 70265 at *14 (finding plaintiff fraudulently joined non-diverse defendant

5    where plaintiff failed to state a claim against defendant); *see Goel v. Aetha Health of Cal., Inc.*,

6    LA CV20-09706 JAK (Ex), 2021 U.S. Dist. LEXIS 99870, at *11-14 (C.D. Cal. May 26, 2021)

7    (same).

8          28.    Moreover, other than the Burt's Bees, Inc. product, LBC does not allege The

9    Clorox Company manufactures, distributes, or sells any products containing a representation

10   related to recycling through TerraCycle.

11         29.    Because LBC fraudulently joined The Clorox Company as a defendant in order to

12   defeat diversity jurisdiction and avoid federal court subject matter jurisdiction over this action,

13   this Court should ignore The Clorox Company's citizenship in determining whether diversity

14   jurisdiction exists and whether "any of the parties in interest properly joined and served as

15   defendants is a citizen of the State in which [the] action [wa]s brought."  28 U.S.C. § 1441(b)(2).

16   *See TPS Utilicom Servs.*, 223 F. Supp. 2d at 1104 (disregarding fraudulently joined defendants'

17   citizenship and determining federal diversity jurisdiction existed based on citizenship of

18   remaining parties); *see Salkin*, 767 F. Supp. 2d at 1069 (finding federal diversity jurisdiction

19   where plaintiff fraudulently joined a non-diverse parent corporation).

**The Amount in Controversy Exceeds $75,000**

21         30.    Removal based on diversity jurisdiction is proper if the amount in controversy

22   exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B).  "[T]he amount in controversy is the 'amount at

23   stake in the underlying litigation.'  'Amount at stake' does not mean likely or probable liability;

24   rather it refers to possible liability."  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th

25   Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir.

26   2016)).  Where a plaintiff seeks injunctive relief, the amount in controversy is "measured by the value

27   of the object of the litigation."  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347

28   (1977); *Luna v. Kemira Speciality, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008).  "[A]

defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

31.     Where, as here, a plaintiff seeks to enjoin defendants, the amount in controversy includes "the cost of complying with an injunction." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *see Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

32.     LBC requests this Court "preliminarily and permanently enjoin Defendants from conducting their business" through the purported "unlawful, unfair, or fraudulent business acts or practices, untrue or misleading advertising, and other violations of law" LBC alleges in the Complaint.  Compl. Prayer ¶ A.  "This conduct includes, but is not limited to, representing that the Products are recyclable."  Compl. ¶¶ 61, 78.  Accordingly, at a minimum, LBC's requested relief would require the non-TerraCycle defendants, including Gerber, to remove or revise the claims on their product packaging that LBC challenges in this action.  *See id.* ¶ 19.  In addition, LBC seeks an order requiring the non-TerraCycle defendants to "conduct a corrective advertising and information campaign advising consumers that the Products do not have the characteristics, uses, benefits, and qualities Defendants have claimed."  Compl. Prayer ¶ B.

33.     LBC thus seeks an order requiring the non-TerraCycle defendants to remove or revise the challenged claims on each of the non-TerraCycle defendants' labels, including requiring them to remove existing products from store shelves, remove existing labels with the challenged claims from the products containing them, and replace the labels with allegedly non-violating language.  If a court required such changes, each non-TerraCycle defendant would incur expenses well in excess of $75,000.  This is in addition to the enormous cost of LBC's requested corrective advertising campaigns by each non-TerraCycle defendant.  *See, e.g.*, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (the district court properly considered the potential cost of complying with injunctive relief when determining whether the amount in controversy had been satisfied for diversity jurisdiction).

34.     Defendants' potential liability exceeds the amount in controversy considering the amount it would cost them to comply with the injunctive relief LBC seeks.

**IN THE ALTERNATIVE, REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION BECAUSE LBC MISJOINED THE CLOROX COMPANY**

35.     In the alternative, if this Court were to find that LBC did not fraudulently join The Clorox Company, and that the Court does not have federal question subject matter jurisdiction over this action (*see infra*, pages 15-18) diversity jurisdiction exists because LBC *misjoined* The Clorox Company as a defendant in this action.  Like fraudulent joinder, a court need not consider the citizenship of misjoined defendants when determining federal diversity jurisdiction.  *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing and remanding misjoined defendants pursuant to Fed. R. Civ. P. 21 to preserve the removing defendants' right to removal).  Misjoinder "is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant to defeat diversity jurisdiction in federal court."  *Greene  v.  Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 562 (N.D. Tex. 2009) (concluding misjoinder "is a basis for disregarding the citizenship of the misjoined party"); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 780 (S.D. Miss. 2003) (noting courts do not consider the citizenship of misjoined parties); *but see Hampton v. Holper*, 319 F. Supp. 3d 1204, 1210-12 (D. Nev. 2018) (noting while "[t]he Ninth Circuit has neither adopted nor rejected *Tapscott*," most of the districts in the Ninth Circuit have not applied the doctrine) (collecting cases).

36.     Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join multiple defendants in the same action only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2); *see also Sutton*, 251 F.R.D. at

504 (noting California's joinder rule, Cal. Civ. Proc. Code § 379(a)(1), and Rule 20(a)(1) of the Federal Rules of Civil Procedure are "virtually identical").

37.     Here, LBC does not assert any right to relief against The Clorox Company "jointly" or "severally" with, "or in the alternative" to, any right to relief against any other non-TerraCycle defendant. Fed. R. Civ. P. 20(a)(2).  Accordingly, LBC improperly joined its claims against The Clorox Company with its claims against each of the other non-TerraCycle defendants.  *See, e.g.*, *Robbins v. Gerber Products Co., et al.*, No. CV 21-1457 JVS (PDx), ECF No. 38 at 2 (C.D. Cal. June 16, 2021) (holding "joinder is improper under the first clause in Rule 20(a)(2)(A), which requires that any right to relief against the joined defendants be asserted 'jointly, severally, or in the alternative.'  [Plaintiff] does not dispute Defendants' assertion that he does not 'assert any right of relief against Defendants jointly or severally.'  . . . Nor is there any indication that the claims are asserted against Defendants in the alternative; [Plaintiff] does not assert a right to recover from either Gerber or Nurture.").

38.     In addition, LBC's claims against The Clorox Company do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," as those out of which LBC's claims against each of CSC, Late July, L'Oreal, Materne, Coca-Cola, Gerber, P&G, and Tom's, respectively, arise.  *See* Fed. R. Civ. P. 20(a)(2).  Rather, the Complaint alleges factually distinct conduct separately (purportedly) attributable to each of the non-TerraCycle defendants.  *See* Compl. ¶¶ 17-26.

39.     According to the Complaint, each non-TerraCycle defendant "advertise[s], market[s] and sell[s] . . . products and packaging made from single-use plastics and other materials that are difficult to recycle with an unqualified representation stating that they are recyclable with TerraCycle, Inc."  *Id.* ¶ 2.  LBC also alleges that each defendant's program with TerraCycle has "strict participation limits that prohibit most consumers from participating in [its] recycling programs," *id.*, and that "it is unclear whether the Products [collected through each defendant's program with TerraCycle] are actually recycled," *id.* ¶ 3, but rather, "typically end up in landfills, incinerators, communities, or the natural environment," *id.* ¶ 4.  Specifically, LBC

alleges the following products contain "unqualified" recyclable claims in violation of the FTC's Green Guides, which serves as a basis for its causes of action:

    a.  "Late July Organic Sea Salt Thin & Crispy Tortilla Chips, Net Wt. 11oz, UPC No. 8-90444-00029," containing the TerraCycle logo and the language, "This bag is recyclable through TerraCycle.  Visit www.terracycle.com to learn how."  *Id.* ¶ 18.

    b.  "Gerber Sitter 2nd Foods Organic Banana Blueberry & Blackberry Oatmeal Baby Food Pouch, 3.5oz, UPC No. 0-15000-07444-9," containing the TerraCycle logo and the language, "Recycle through TerraCycle."  *Id.* ¶ 19.

    c.  L'Oreal's "Garnier Fructis Active Fruit Protein Grow Strong Fortifying Hair Conditioner, 33.8 fl. oz., UPC No. 6-03084-54746-3," containing the TerraCycle logo and the language, "Garnier Cares:  Help TerraCycle and Garnier keep beauty products out of landfills!  Join a Beauty Brigade at garnierUSA.com/green to create a greener future."  *Id.* ¶ 21.

    d.  Materne's "GoGo SqueeZ Fruit on the Go Apple Apple Applesauce Pouch, 12-3.2 oz., UPC No. 8-9000000115-8," containing the TerraCycle logo and the language, "GoGo squeeZ pouches are recyclable through TerraCycle.  Collect used pouches and help your favorite cause.  Learn more at www.gogosqueez.com/terracycle."  *Id.* ¶ 22.

    e.  Coca-Cola's "Honest Kids Super Fruit Punch Organic Juice Drink, 8 Ct., 6.75 fl. oz. pouches, UPC No. 6-57622-11175-3," containing the TerraCycle logo and the language, "Recycle your drink through TerraCycle and turn it into something new, like backpacks and bike racks.  Find out more at honesttea.com."  *Id.* ¶ 23.

    f.  "Burt's Bees Deep Pore Scrub with Peach & Willow Bar, Net Wt., 4 oz, UPC No. 7-9285089199-9," containing the TerraCycle logo and the language, "Recyclable with TerraCycle."  *Id.* ¶ 24.

    g.  P&G's "Febreze Unstoppables Small Spaces Air Freshener – Fresh Scent, 1 Ct., UPC No. 0-3700049706-6," containing the TerraCycle logo and the language, "Recycle at/Recycler au TerraCycle.com."  *Id.* ¶ 25.

h. "Tom's of Maine Toddler Fluoride-Free Toothpaste, net Wt. 1.75 oz., UPC No. 0-77326-83377-3," containing the TerraCycle logo and the language, "Goodness = Less in Landfills Recycle Tom's of Maine and other packaging through the TerraCycle collection program and earn rewards for your favorite nonprofit or school!  Visit tomsofmaine.com/terracycle to learn how."  *Id.* ¶ 26.

40.     As the Complaint makes clear, each non-TerraCycle defendant's product label identified in the Complaint contains a different claim.  For example, some contain the word "recycle" (*id.* ¶¶ 19, 23, 25, 26), while others contain the word "recyclable" (*id.* ¶¶ 18, 22, 24). One challenged claim does not contain either (or any other derivative of "recycle").  *Id.* ¶ 21. Some link to a company-specific website (*id.* ¶¶ 18, 21, 22, 25, 26), while others contain no link (*id.* ¶¶ 19, 24).  Thus, determining whether each non-TerraCycle defendant's allegedly "unqualified representation[] that the Products are recyclable [are] per se deceptive under the Green Guides and violate[] California law" requires individualized analysis as to each non-TerraCycle defendant's claim.  *Id.* ¶ 53.  Accordingly, LBC's claims against The Clorox Company do not arise out of the same transaction, occurrence, or series of transactions or occurrences as LBC's claims against the other non-TerraCycle defendants.  *See, e.g.*, *Pac. Century Int'l Ltd. v. Doe*, No. C-11-02533- (DMR), 2011 U.S. Dist. LEXIS 73837, at *13 (N.D. Cal. July 8, 2011) (where the "only commonality" between defendants is they allegedly "committed the exact same violation of the law in exactly the same way," plaintiff failed to demonstrate it had any right to relief against defendants "arising out of the same transaction, occurrence, or series of transactions or occurrences").

41.     Even if each non-TerraCycle defendant made the exact same claim on its products' labels as every other, and each non-TerraCycle defendant's products were (allegedly) not "actually recycled" for the same reasons, that still would not meet Rule 20(a)(2)'s "same transaction, occurrence, or series of transactions or occurrences" requirement.  "The fact that Plaintiffs' legal theories are similar is insufficient to join their claims.  *See Justo v. IndyMac Bancorp Inc.*, No. SACV 09-1116 JVS (AGRx), 2010 U.S. Dist. LEXIS 22831, at *30 (C.D. Cal. Feb. 19, 2010).  LBC alleges, at most, *parallel conduct*, not the same facts or a logical

relationship with respect to each non-TerraCycle defendant.  *See, e.g.*, *San Francisco Tech., Inc. v. Glad Prods. Co.*, No. 10-CV-00966 JF (PVT), 2010 U.S. Dist. LEXIS 83681, at *16-17 (N.D. Cal. July 19, 2010) (severing claims where plaintiff alleged only that each defendant violated the same law in a similar manner); *Ramos v. Playtex Prods., Inc.*, No. 08 CV 2703; No. 08 CV 2828; No. 08 CV 3352, 2008 U.S. Dist. LEXIS 75957, at *8–10 (N.D. Ill. Aug. 27, 2008) (holding plaintiff failed to satisfy Rule 20's logical relationship test because plaintiff's "allegations suggest[ed] merely that each defendant manufactured, marketed, and sold similar products and engaged in similar, as opposed to related, conduct"); *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 584-86 (D. Nev. 2012) (holding severance warranted where plaintiff "simply alleged" a case against each defendant that shared "a 'fact pattern' but no facts") (citation omitted).

42.     Accordingly, LBC has misjoined the non-TerraCycle defendants in the same action—and specifically as to this Court's jurisdiction, LBC has misjoined The Clorox Company with the other non-TerraCycle defendants.  Accordingly, the Court should ignore The Clorox Company's alleged California citizenship in determining whether federal diversity jurisdiction exists, and instead sever LBC's claims against The Clorox Company and TerraCycle, from its claims against the other non-TerraCycle defendants and TerraCycle.  *See, e.g.*, *Sutton*, 251 F.R.D. at 505; *see also In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig.*, No. 13-2441 (DWF/FLN); 2013 U.S. Dist. LEXIS 175153, at *11-12 (D. Minn. Dec. 12, 2013) (severing and remanding claims against misjoined defendants because the claims did not both involve common questions of law or fact and assert joint, several, or alternative liability arising out of the same transaction, occurrence, or series of transactions or occurrences); *cf. United States v. Maranghi*, 718 F. Supp. 1450, 1453 (N.D. Cal. 1989) ("Defendants like Parviz, Biradelli, and Beitashour occupied the 'spokes' of the enterprise.  They may not be joined at trial simply because conspiracies of which they were a member included members common to all. . . . And there is almost no evidence that the spokes had any contact with or knowledge of each other at the 'rim.'") (internal citation omitted).

43.     For the reasons stated in paragraphs 30-34, the amount in controversy, even excluding LBC's claims against The Clorox Company and TerraCycle, exceeds $75,000.

**REMOVAL IS ALSO PROPER BASED ON FEDERAL QUESTION JURISDICTION**

44.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Whether a case "arises under" federal law is to be determined based on the content in a "well-pleaded complaint."  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983).

45.     A "longstanding . . . variety of federal 'arising under' jurisdiction" is when state-law claims "implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  The Supreme Court has recognized this category of federal-question jurisdiction "for nearly 100 years."  *Id.*; *see Franchise Tax Bd.*, 463 U.S. at 9 (observing the Court has "often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law").

46.     In determining whether claims arise under federal law, courts consider whether a federal issue is:  (1) "necessarily raised," (2) "actually disputed," (3) "substantial," and (4) "capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable*, 545 U.S. at 314.

47.     LBC asserts three causes of action, all purportedly under California's UCL. However, LBC premises its allegations on Defendants' alleged violations of federal law, specifically the FTC Act through the Green Guides, 16 C.F.R. § 260.12.  On the face of the Complaint, LBC's claims implicate substantial federal questions and necessarily turn on interpretation of the FTC's Green Guides, 16 C.F.R. § 260.1, *et seq.*, and the FTC Act, 15 U.S.C. § 45, *et seq.*, and accordingly arise under federal law.

48.     In particular, LBC makes the following allegations in the Complaint, thereby invoking federal law:

> a. "The California Business and Professions Code § 17580.5 makes it 'unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied.'  Pursuant to that section, the term

'environmental marketing claim' includes any claim contained in the Guides for use of Environmental Marketing Claims published by the FTC (the 'Green Guides'). *Id.*; *see also* 16 C.F.R. § 260.1, *et seq.*" Compl. ¶ 32.

b. "Because Defendants can only collect Products from a tiny fraction of consumers, Defendants' unqualified representations that the Products are recyclable are per se deceptive under the Green Guides and violates California law. *See* 16 C.F.R. §§ 260.12(b); 260.12(d) Example 9." *Id.* ¶ 53.

c. "In addition, Defendants are required to maintain written records substantiating the validity of environmental marketing representations, including whether consumers goods conform with the Green Guides' use of the terms 'recycled' and 'recyclable.'  B&P § 17580(a); *see also* 16 C.F.R. § 260.2." *Id.* ¶ 58.

d. "Defendants' conduct violates Section 5 of the Federal Trade Commission Act ('FTC Act'), 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or effecting commerce.  By misrepresenting that the Products are recyclable, Defendants are violating Section 5 of the FTC Act." *Id.* ¶ 68.

e. "Defendants' conduct also violates B&P § 17580.5, which makes it unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim.  Pursuant to § 17580.5, the term 'environmental marketing claim' includes any claim contained in the Green Guides.  16 C.F.R. § 260.1, *et seq.*  Under the Green Guides, '[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable.  A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.' 16 C.F.R. § 260.12(a)." *Id.* ¶ 70.

f. "Defendants' failure to substantiate their claims that the Products are recyclable is also a violation of both California law and the Green Guides.  California law

requires Defendants to maintain written records substantiating the validity of

environmental marketing representations, including whether consumers goods

conform with the Green Guides' use of the terms 'recycled' and 'recyclable.'

B&P § 17580(a).  Likewise, the Green Guides require that marketers ensure that

their claims are supported by a reasonable basis prior to making the claim. 16

C.F.R. § 260.2." *Id.* ¶ 71.

g.   "By violating the FTC Act and B&P §§ 17500, 17580 and 17580.5, Defendants

have engaged in unlawful business acts and practices which constitute unfair

competition within the meaning of B&P § 17200." *Id.* ¶ 72.

h.   "Defendants' conduct also violates the policy of the Green Guides.  The Green

Guides mandate that '[a] product or package shall not be marketed as recyclable

unless it can be collected, separated, or otherwise recovered from the waste stream

through an established recycling program for reuse or use in manufacturing or

assembling another item.' 16 C.F.R. § 260.12(a).  It further states that '[a]n item

that is made from recyclable material, but because of its shape, size or some other

attribute is not accepted in recycling programs, should not be marketed as

recyclable.' 16 C.F.R. § 260.12(d).  As explained above, the Products are rarely

recycled because very few consumers have access to Defendants' recycling

takeback programs.  Taking advantage of consumer perception in this manner

violates the policy of the Green Guides." *Id.* ¶ 80.

i.   "Defendants' failure to substantiate their claims that the Products are recyclable

also violates the policies set forth in California law and the Green Guides.

California law requires Defendants to maintain written records substantiating the

validity of environmental marketing representations.  B&P § 17580(a).  Likewise,

the Green Guides require that marketers ensure that their claims are supported by a

reasonable basis prior to making the claim.  16 C.F.R. § 260.2.  Defendants'

failure to provide any substantiation for their representations is unfair based on the

requirements in the Green Guides and clearly violates the Legislative declared

NOTICE OF REMOVAL

1     policy in California that information and documentation supporting the validity of

2     environmental representations 'shall be fully disclosed to the public.'  B&P §

3     17580(d)."  *Id.* ¶ 81.

4     49.     LBC's state-law claims thus explicitly invoke and turn on substantial questions of

5     federal law, justifying "resort to the experience, solicitude, and hope of uniformity that a federal

6     forum offers on federal issues."  *Grable*, 545 U.S. at 312.  For example, LBC alleges Defendants'

7     product packaging includes "unqualified representations that the Products are recyclable," which

8     is "per se deceptive under the Green Guides and violates California law."  Compl. ¶ 53.  Given

9     these allegations, LBC's claims necessarily require judicial interpretation of federal law and

10    require a court to determine whether Defendants' representations are deceptive under the FTC

11    Act through the FTC's Green Guides.

12    50.     A federal forum is therefore necessary to ensure uniform application of the FTC

13    Act and Green Guides.  *See Grable*, 545 U.S. at 312.  LBC's strategy to evade federal court

14    invites state courts to reach differing interpretations of the FTC's regulation and guidance

15    regarding environmental marketing claims "that are unfair or deceptive under Section 5 of the

16    FTC Act, 15 U.S.C. 45."  16 C.F.R. § 260.1.  Removal of this action is therefore proper under

17    federal question jurisdiction.  *See e.g.*, *EIJ, Inc. v. United Parcel Serv., Inc.*, 233 F. App'x 600,

18    601-02 (9th Cir. 2007).

19                                    **NON-WAIVER**

20    51.     By submitting this Notice of Removal, Gerber does not waive any objections or

21    defenses, including but not limited to personal jurisdiction defenses, and does not admit any of

22    the allegations in the Complaint.

23                                    **CONCLUSION**

24    WHEREFORE, Gerber respectfully requests this case proceed in this Court as an action

25    properly removed from the Superior Court of the State of California for the County of Alameda.

26    //

27    //

28    //

1

Dated:  August 6, 2021

WHITE & CASE LLP

2

By:  _____/s/ Bryan A. Merryman_____

3

Bryan A. Merryman

4

Attorneys for Defendant
GERBER PRODUCTS COMPANY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMERICAS 108403296

NOTICE OF REMOVAL

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 555 South Flower Street, Suite 2700, Los Angeles, CA  90071-2433.  I am employed by a member of the Bar of this Court at whose direction the service was made.

On **Friday, August 06, 2021** I served the foregoing document(s) described as:

**DEFENDANT GERBER PRODUCTS COMPANY'S NOTICE OF REMOVAL** on the person(s) below, as follows:

☒   **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed below.  The transmission was reported as complete and without error.

☒   **(BY MAIL)**  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at White & Case LLP, Los Angeles, California, following our ordinary business practices.  I am readily familiar with White & Case LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

| | |
|---|---|
| Howard Hirsch<br>Ryan Berghoff<br>Meredyth Merrow<br>LEXINGTON LAW GROUP<br>503 Divisadero Street<br>San Francisco, CA 94117<br>Telephone: (415) 913-7800<br>Facsimile: (415) 759-4112<br>hhirsch@lexlawgroup.com<br>rberghoff@lexlawgroup.com<br>mmerrow@lexlawgroup.com | Counsel for Plaintiff<br>The Last Beach Cleanup |
| Gideon Kracov<br>LAW OFFICE OF GIDEON KRACOV<br>801 S. Grand Ave., 11th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 629-2071<br>Facsimile: (213) 623-7755<br>gk@gideonlaw.net | Counsel for Plaintiff<br>The Last Beach Cleanup |

- 1 -

| | |
|---|---|
| ☒ **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at White & Case LLP, Los Angeles, California, following our ordinary business practices. I am readily familiar with White & Case LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business. | |
| The Corporation Trust Company<br>1209 N. Orange Street<br>Wilmington, DE 19801-1120 | Agent for service of process for<br>CSC Brands LP |
| The Corporation Trust Company<br>1209 N. Orange Street<br>Wilmington, DE 19801-1120 | Agent for service of process for<br>Terracycle, Inc. |
| Michel Larroche<br>20 W. 22nd Street<br>Floor 12<br>New York, NY 10010-5843 | Agent for Defendant<br>Materne North America |
| Kenneth A. Keene<br>128 State Street #3<br>August, ME 04330-5630 | Agent for Defendant<br>Tom's of Maine |
| David Taylor<br>1 Procter and Gamble Plaza<br>Cincinnati, OH 45202-3315 | Agent for Defendant<br>Proctor and Gamble |
| Robert Howard<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111 | Agent for Defendant<br>The Clorox Company |
| Stephanie Rinderknech<br>10 Hudson Yards<br>New York, NY 10001-2157 | Agent for Defendant<br>L'Oreal USA, Inc. |
| James Quincey<br>1 Coca Cola Plaza, NW<br>Atlanta, GA 30313-2420 | Agent for Defendant<br>The Coca-Cola Company |

- 2 -

1          Executed **Friday, August 06, 2021**, at Los Angeles, California.

2          I declare under penalty of perjury under the laws of the State of California and the United

3    States of America that the above is true and correct.

4                                                                    /s/ *Karen Hao*

5                                                                     Karen Hao

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -