# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800    FAX NO.: (415) 759-4112<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>March 04, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy<br><br>CASE NUMBER:<br>**RG21090702** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
The Last Beach Cleanup v. TerraCycle, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited      ☐ Limited<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☑ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Three; Cal. Business & Professions Code § 17200
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 4, 2021
Howard Hirsch
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A - Page 1

**FILED BY FAX**

ALAMEDA COUNTY

March 04, 2021

CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy

CASE NUMBER:

**RG21090702**

1 LEXINGTON LAW GROUP
Howard Hirsch, State Bar No. 213209
2 Ryan Berghoff, State Bar No. 308812
Meredyth Merrow, State Bar No. 328337
3 503 Divisadero Street
San Francisco, CA 94117
4 Telephone: (415) 913-7800
Facsimile: (415) 759-4112
5 hhirsch@lexlawgroup.com
rberghoff@lexlawgroup.com
6 mmerrow@lexlawgroup.com

7 LAW OFFICE OF GIDEON KRACOV
Gideon Kracov, State Bar No. 179815
8 801 S. Grand Ave., 11th Floor
Los Angeles, CA 90017
9 Telephone: (213) 629-2071
Facsimile: (213) 623-7755
10 gk@gideonlaw.net

11 Attorneys for Plaintiff
THE LAST BEACH CLEANUP

12

13    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14        **COUNTY OF ALAMEDA**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| THE LAST BEACH CLEANUP,<br><br>    Plaintiff,<br><br>  v.<br><br>TERRACYCLE, INC.; CSC BRANDS LP;<br>GERBER PRODUCTS COMPANY; LATE JULY<br>SNACKS, LLC; L'OREAL USA S/D, INC.;<br>MATERNE NORTH AMERICA; THE COCA-<br>COLA COMPANY; THE CLOROX COMPANY;<br>THE PROCTER & GAMBLE COMPANY;<br>TOM'S OF MAINE, INC.; and DOES 1 through<br>100, inclusive<br><br>    Defendants. | Case No.<br><br>**COMPLAINT** |

1    Plaintiff The Last Beach Cleanup ("Plaintiff" or "LBC"), based on information, belief,

2    and investigation of its counsel, except for information based on knowledge, hereby alleges:

3                                              **INTRODUCTION**

4        1.      The problems associated with plastic pollution are increasing on a local, national,

5    and global scale. This affects the amount of plastic in the ocean, in freshwater lakes and streams,

6    on land, and in landfills. The U.S. Environmental Protection Agency ("EPA") reports that 91.3%

7    of U.S. plastic waste is not recycled, with billions of pounds of plastic becoming trash and

8    litter.[1,2] According to a new study, at least 1.2 to 2.5 million tons of plastic trash each year from

9    the United States pollutes lands, rivers, lakes and oceans as litter, is illegally dumped, or is

10   shipped abroad and then not properly disposed of.[3] As consumers become more aware of the

11   problems associated with plastic pollution, they are increasingly susceptible to marketing claims

12   reassuring them that the plastic used to make and package the products that they purchase are

13   recyclable. Many consumers concerned with the proliferation of plastic pollution actively seek to

14   purchase products that are either compostable or recyclable to divert such waste from the ocean,

15   their communities, landfills, and incinerators.

16       2.      Seeking to take advantage of consumers' concerns, Defendants advertise, market

17   and sell a variety products and packaging made from single-use plastics and other materials that

18   are difficult to recycle with an unqualified representation stating that they are recyclable with

19   TerraCycle, Inc. (the "Products"). TerraCycle, Inc. ("TerraCycle") prides itself on working with

20   companies to offer free programs for consumers to recycle products that established municipal

21   recycling programs are not capable of recycling. However, there is an undisclosed catch:

22

23   [1] EPA, *2018 Advancing Sustainable Materials Management: Facts and Figures Report* – Tables
     and Figures. (https://www.epa.gov/sites/production/files/2021-

24   01/documents/2018_tables_and_figures_dec_2020_fnl_508.pdf (last accessed Feb. 14, 2021).

     [2] Tom Udall and Alan Lowenthal, *Op-Ed: More than 90% of U.S. plastic waste is never recycled.*
25   *Here's how we can change that*, L.A. TIMES (Feb. 21, 2020, 3:01 AM),
     https://www.latimes.com/opinion/story/2020-02-21/plastic-waste-never-recycled-u-s (last

26   accessed Dec. 7, 2020).

     [3] Associated Press, *Study: 1 to 2 million tons a year of U.S. plastic trash goes astray*, L.A. TIMES
27   (Oct. 30, 2020, 11:03 AM) https://www.latimes.com/world-nation/story/2020-10-30/study-1-to-2-
     million-tons-of-us-plastic-trash-goes-astray (last accessed Dec. 7, 2020).

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1    Defendants have strict participation limits that prohibit most consumers from participating in their
2    recycling programs. In other words, consumers purchase the Products with the belief that they
3    will be able to recycle the Products for free by sending the Products to TerraCycle, only to find
4    out after purchasing the Products that participation in Defendants' free recycling programs are
5    closed. While the free programs are closed to new participants, consumers are offered the option
6    of purchasing costly "Zero Waste Boxes" to return the Products to TerraCycle at a hefty price.
7    Left with no other free choices, consumers then need to discard the packaging into the trash
8    where it will ultimately end up in a landfill. Worse yet, some consumers instead discard the
9    packaging into their curbside recycling bins, thereby contaminating legitimate recycling streams
10   with unrecyclable materials and increasing costs for municipalities. Thus, Defendants'
11   unqualified representations that the products are recyclable are deceptive to a reasonable
12   consumer and violate California law.

13        3.        In addition, even as to those few Products that Defendants accept in their limited
14   recycling programs, it is unclear whether the Products are actually recycled. Under both
15   California law and the Green Guides, Defendants are required to maintain records supporting the
16   validity of any environmental marketing claims. However, in response to Plaintiff's pre-suit
17   request, Defendants have not provided records substantiating that the Products collected are
18   actually recycled and manufactured into new products.

19        4.        This Complaint seeks to remedy Defendants' unlawful, unfair, and deceptive
20   business practices with respect to the advertising, marketing, and sale of the Products. Because
21   most consumers cannot participate in Defendants' free recycling programs, Defendants'
22   unqualified recycling representations are false and misleading in violation of California's
23   consumer protection statues. By advertising, marketing, or labeling hundreds of thousands (and
24   likely millions) of Products as recyclable with TerraCycle, but at best recycling only a few
25   thousand Products per year, Defendants are reaping the rewards of portraying themselves as
26   environmentally friendly without providing any meaningful benefit to the environment or to
27   consumers concerned about sustainability. Despite Defendants' marketing and advertising of the
28   Products as recyclable, most of the Products typically end up in landfills, incinerators,

DOCUMENT PREPARED
ON RECYCLED PAPER

-2-

COMPLAINT

1   communities, or the natural environment. Defendants' representations that the Products are

2   recyclable are material, false, misleading, and likely to deceive members of the public.

3        5.    Defendants thus violated and continue to violate California's Unfair Competition

4   Law ("UCL"), Business and Profession Code § 17200, *et seq.*, based on fraudulent, unlawful and

5   unfair acts and practices, as well as the California False Advertising Law, Cal. Bus. & Prof. Code

6   § 17500, *et seq.* and the Environmental Marketing Claims Act, Cal. Bus. & Prof. Code § 17580.5.

7        6.    Plaintiff has no adequate remedy at law for the injuries currently being suffered as

8   an award of monetary damages would not redress Defendants' false, misleading, and deceptive

9   statements. Thus, Plaintiff seeks an order enjoining Defendants' acts of unfair competition and

10   other fraudulent, unlawful, and unfair acts and practices.

11                            **PARTIES**

12        7.    Plaintiff The Last Beach Cleanup is a non-profit, public interest organization

13   established pursuant to section 501(c)(3) of the Internal Revenue Code, and headquartered in

14   California. LBC was established in 2019 and works to reduce plastic pollution, protect public

15   spaces and wildlife from myriad harms related to plastic pollution, and ensure that consumers are

16   not misled by environmental marketing claims related to plastic. LBC has standing to bring this

17   action because Defendants' actions of misrepresenting the environmental benefits of their

18   Products by marketing and selling the Products as recyclable has frustrated LBC's mission to

19   protect the natural environment and ensure that consumers are not misled by false greenwashing

20   claims. Defendants' actions of falsely marketing, advertising and labeling their Products as

21   recyclable has caused LBC to divert resources to respond to Defendants' actions. Thus, LBC has

22   lost money or property and has suffered an injury in fact due to Defendants' actions of using

23   false, misleading, and deceptive advertising, marketing materials and labels regarding the

24   recyclability of their Products.

25        8.    LBC's main purpose is to lead programs and projects to reduce plastic pollution in

26   the environment. The environmental, social and economic harms of plastic pollution are broad

27   and deep, causing: (1) misery and death to over 100 species; (2) toxins to leach into the

28   environment and our food chain; (3) vulnerability to extreme weather events because storm drains

1    are clogged with plastic; (4) costs to taxpayers for litter collection; (5) blight on our landscapes;

2    (6) spread of disease vectors such as dengue fever; and (7) harms to human health, wildlife and

3    the natural environment. LBC pursues its purpose of reducing plastic pollution in the

4    environment by performing research and surveys and leading initiatives to reduce plastic

5    pollution. For example, in an effort to reduce plastic pollution LBC advocates for installation of

6    drinking water refills stations in public spaces, better designed products and packaging, extended

7    producer responsibility, improved plastic distribution practices by companies, and targeted

8    recycling approaches. In 2019, LBC was awarded a National Geographic Grant to develop the

9    Global Cities Preventing Plastic Pollution program and the founder of LBC, Jan Dell, was named

10   a National Geographic Explorer. *See, e.g.,* https://www.lastbeachcleanup.org/globalcities.

11            9.      LBC has engaged in a wide range of research topics related to plastic pollution and

12   has collaborated with other non-governmental organizations on publication of the research

13   results. Research topics include, but are not limited to plastic waste exports, plastic recyclability

14   and claims by product companies, plastic waste and recyclability regulations, and harms to

15   species and ecosystems. LBC distributes monthly Fact Packs on plastic waste to a large network

16   of reporters. LBC has provided research and expertise in support of the following published

17   reports: (1) Circular Claims Fall Flat, available at

18   https://www.greenpeace.org/usa/research/report-circular-claims-fall-flat/; (2) Deception by

19   Numbers: Claims about Chemical Recycling Don't Hold Up to Scrutiny, available at

20   https://www.greenpeace.org/usa/research/deception-by-the-numbers/; (3) All Talk and No

21   Recycling: An Investigation of the U.S. "Chemical Recycling" Industry, available at

22   https://www.no-burn.org/chemical-recycling-us/; (4) The Dirty Truth About Disposable

23   Foodware: The Mismatched Costs and Benefits of U.S. Foodservice Disposables and What to Do

24   About Them, available at https://90e2bb46-39d9-49f9-a040-

25   b0ad7c2534c7.filesusr.com/ugd/8944a4_9f6654c0bfb9406c90b42ca3a7e9a02f.pdf; and (5)

26   Breaking the Plastic Wave: Top Findings for Preventing Plastic Pollution, available at

27   https://www.pewtrusts.org/en/research-and-analysis/articles/2020/07/23/breaking-the-plastic-

28   wave-top-findings.

DOCUMENT PREPARED
ON RECYCLED PAPER

-4-

COMPLAINT

1          10.     LBC has also conducted a wide range of surveys related to plastic pollution,

2 including but not limited to: (1) 2020 U.S. Post Consumer Plastic Recycling Survey, available at

3 https://www.lastbeachcleanup.org/usplasticrecyclingsurvey; (2) 2020 California Consumer Plastic

4 Recycling Survey, available at https://www.lastbeachcleanup.org/california; (3) Global Fast Food

5 Plastic Survey, available at https://www.lastbeachcleanup.org/fastfoodplastic; (4) Harms of

6 Plastic Exports, available at https://www.lastbeachcleanup.org/plastic-waste-exports; (5)

7 Companies committed to Stopping Plastic Waste Exports, available at

8 https://www.lastbeachcleanup.org/end-plastic-waste-exports; (6) County Laws on Plastic

9 Products, available at https://www.lastbeachcleanup.org/countrylaws; and (7) Fires at Plastic

10 Recycling Facilities, available at https://www.lastbeachcleanup.org/fires.

11          11.     LBC spends a significant amount of time and resources to ensure that consumers

12 are not misled by environmental marketing claims. LBC is heavily engaged in consumer

13 education and addresses the local and global impacts of plastic pollution by communicating its

14 findings through multimedia outlets and peer-reviewed publications. These include print and

15 television media, websites and blogs, lectures, and school outreach. LBC's website presents a

16 portion of its research, surveys, analyses, and articles. *See* https://www.lastbeachcleanup.org/.

17          12.     A major LBC program is focused on identifying and analyzing companies' claims

18 that their products are recyclable. In 2018, the founder of LBC began to survey recycling

19 representations on marketing materials, advertising, and labels, including those referenced

20 TerraCycle. After conducting surveys based on the limited capacity for recycling plastic in the

21 U.S., LBC became specifically concerned about the impacts of marketing materials, advertising,

22 and labels misrepresenting the recyclability of plastic products and packaging. Accurate

23 recyclable claims and labels serve three valuable functions: (1) truthful advertising to consumers;

24 (2) prevention of harmful contamination in America's recycling system; and (3) identification of

25 products for elimination or redesign to reduce waste and plastic pollution.  LBC has spent

26 hundreds of hours taking photos of products on store shelves and comparing the recyclability

27 claims to actual plastic processing capacity in the U.S.

28

1       13.    LBC became aware of TerraCycle and the other Defendants through product

2    surveys, reviewing products on store shelves with TerraCycle logos, and through reading press

3    releases and articles about Defendants' recycling programs.  LBC began purchasing available

4    Products with a TerraCycle logo on it in California.  LBC has conducted in-depth research of

5    Defendants' websites, public reports, and media.  Through this research LBC determined that

6    Defendants' programs mask the truth about poorly designed plastic products that contribute to

7    pollution.  Rather than promote recyclable materials, TerraCycle encourages the other Defendants

8    to continue producing products made from hard-to-recycle materials and then falsely claim that

9    the materials can be recycled.  However, because of the limited capacity in Defendants' programs

10    and the technical complexity and high cost of reprocessing the Products' materials, most of the

11    Products are not actually recycled.  By giving the impression to the public that the Products are

12    recyclable, consumers are being misled to believe that they are "green" Products when they could

13    be purchasing products that are more environmentally friendly.  After discovering Defendants'

14    false and misleading recycling claims, LBC began informing consumers of the misrepresentations

15    on Twitter.  LBC's twitter account (@wastecounter) posted tweets calling on Defendants to stop

16    marketing and labeling the Products as recyclable.  LBC's twitter account sent numerous tweets

17    between 2019 and 2020.

18       14.    Because LBC's mission involves ensuring consumers are not misled by

19    environmental marketing claims and protecting the natural environment from plastic pollution,

20    Defendants' use of false, misleading, and deceptive claims regarding the recyclability of their

21    Products has frustrated LBC's purpose.  Defendants' continued use of misleading and deceptive

22    recyclability claims serves to confuse the public about plastic products and packaging and gives

23    them a false sense that they are doing something good for the environment when they purchase

24    Defendants' Products.  Defendants' frustration of LBC's purpose has forced LBC to spend staff

25    time and organizational resources investigating Defendants' use of misleading advertising,

26    marketing materials, and labels for their Products, as well as to educate the public and the media

27    that a product marketed by Defendants as recyclable is unlikely to be recycled.  LBC spent at

28    least 200 hours in 2019 and at least 400 hours in 2020 to investigate Defendants' claims that the

1    Products are recyclable. These actions have caused LBC to lose money or property and it has

2    therefore suffered an injury in fact.

3          15.    On December 7, 2020, LBC sent a letter to each Defendant in an attempt to resolve

4    this matter short of litigation.

5          16.    Absent relief from this Court, plastic pollution and the resulting harms to public

6    spaces and wildlife will continue to negatively impact LBC's efforts to protect these critical

7    resources. In addition, relief from this Court is necessary to further LBC's mission of ensuring

8    consumers are not misled by false environmental marketing claims.

9          17.    Defendant TerraCycle, Inc. is a Delaware corporation with its principal place of

10   business in Trenton, New Jersey. Defendant TerraCycle, Inc. offers free programs to recycle the

11   Products to California consumers.

12         18.    Defendant CSC Brands LP is a New Jersey corporation with its principal place of

13   business in Camden, New Jersey. Defendant CSC Brands LP manufactures, distributes, and sells

14   the Products in California. A non-exclusive example of CSC Brands LP's Products includes Late

15   July Organic Sea Salt Thin & Crispy Tortilla Chips, Net Wt. 11oz, UPC No. 8-90444-00029:



19.　　Defendant Gerber Products Company is a Michigan corporation with its principal place of business in Arlington, Virginia. Defendant Gerber Products Company manufactures, distributes, and sells the Products in California. A non-exclusive example of Gerber Products Company's Products includes Gerber Sitter 2nd Foods Organic Banana Blueberry & Blackberry Oatmeal Baby Food Pouch, 3.5oz, UPC No. 0-15000-07444-9:



20.　　Defendant Late July Snacks LLC is a Massachusetts corporation with its principal place of business in Norwalk, Connecticut. Defendant Late July Snacks LLC manufactures, distributes, and sells the Products in California. A non-exclusive example of Late July Snacks

-8-

1  LLC's Products includes Late July Organic Sea Salt Thin & Crispy Tortilla Chips, Net Wt. 11oz,

2  UPC No. 8-90444-00029.

3       21.    Defendant L'Oreal USA S/D, Inc. is a Delaware corporation with its principal

4  place of business in New York, New York. Defendant L'Oreal USA S/D, Inc. manufactures,

5  distributes, and sells the Products in California. A non-exclusive example of L'Oreal USA S/D,

6  Inc.'s Products includes Garnier Fructis Active Fruit Protein Grow Strong Fortifying Hair

7  Conditioner, 33.8 fl. oz., UPC No. 6-03084-54746-3:



25       22.    Defendant Materne North America is a New York corporation with its principal

26  place of business in New York, New York. Defendant Materne North America manufactures,

27  distributes, and sells the Products in California. A non-exclusive example of Materne North

28

1  America's Products includes GoGo SqueeZ Fruit on the Go Apple Apple Applesauce Pouch, 12-

2  3.2 oz., UPC No. 8-9000000115-8:



14      23.    Defendant The Coca-Cola Company is a Delaware corporation with its principal

15  place of business in Atlanta, Georgia. Defendant The Coca-Cola Company manufactures,

16  distributes, and sells the Products in California. A non-exclusive example of The Coca-Cola

17  Company's Products includes Honest Kids Super Fruit Punch Organic Juice Drink, 8 Ct., 6.75 fl.

18  oz. pouches, UPC No. 6-57622-11175-3:



24.     Defendant The Clorox Company is a Delaware corporation with its principal place of business in Oakland, California. Defendant The Clorox Company manufactures, distributes, and sells the Products in California. A non-exclusive example of The Clorox Company's Products includes Burt's Bees Deep Pore Scrub with Peach & Willow Bar, Net Wt., 4 oz, UPC No. 7-9285089199-9:



25.     Defendant The Procter & Gamble Company is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Defendant The Procter & Gamble Company manufactures, distributes, and sells the Products in California. A non-exclusive example of The Procter & Gamble Company's Products includes Febreze Unstoppables Small Spaces Air Freshener – Fresh Scent, 1 Ct., UPC No. 0-3700049706-6:



DOCUMENT PREPARED
ON RECYCLED PAPER

COMPLAINT

26.    Defendant Tom's of Maine, Inc. is a Maine corporation with its principal place of business in Augusta, Maine. Defendant Tom's of Maine, Inc. manufactures, distributes, and sells the Products in California. A non-exclusive example of Tom's of Maine, Inc.'s Products includes Tom's of Maine Toddler Fluoride-Free Toothpaste, net Wt. 1.75 oz., UPC No. 0-77326-83377-3.



27.    DOES 1 through 100 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein and are responsible in some manner for the matters alleged herein. Plaintiff will amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

### JURISDICTION AND VENUE

28.    This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10, because this case is a cause not given by statute to

-12-

COMPLAINT

DOCUMENT PREPARED
ON RECYCLED PAPER

1  other trial courts. This Court also has jurisdiction over certain causes of action asserted herein

2  pursuant to Business & Professions Code ("B&P") §§ 17203 and 17204, which allow

3  enforcement in any Court of competent jurisdiction.

4  　　　　29.　　This Court has jurisdiction over Defendants because each is a corporation or other

5  entity that has sufficient minimum contacts in California, is a citizen of California, or otherwise

6  intentionally avails itself of the California market either through the distribution, sale or

7  marketing of the Products in the State of California or by having a facility located in California so

8  as to render the exercise of jurisdiction over it by the California courts consistent with traditional

9  notions of fair play and substantial justice.

10  　　　　30.　　Venue in the County of Alameda is proper under B&P § 17203 and Code of Civil

11  Procedure §§ 395 and 395.5 because this Court is a court of competent jurisdiction and the

12  Products are sold throughout this County.

13  　　　　　　　　　　　　　　　　**LEGAL BACKGROUND**

14  　　　　31.　　In light of the significant amount of plastic that is marketed and labeled as

15  recyclable and instead ends up in landfills, incinerators, communities, and the natural

16  environment, the Legislature of the State of California has declared that "it is the public policy of

17  the state that environmental marketing claims, whether explicit or implied, should be

18  substantiated by competent and reliable evidence to prevent deceiving or misleading consumers

19  about the environmental impact of plastic products." Cal. Pub. Res. Code § 42355.5. The policy

20  is based on the Legislature's finding that "littered plastic products have caused and continue to

21  cause significant environmental harm and have burdened local governments with significant

22  environmental cleanup costs." *Id.* § 42355.

23  　　　　32.　　The California Business and Professions Code § 17580.5 makes it "unlawful for

24  any person to make any untruthful, deceptive, or misleading environmental marketing claim,

25  whether explicit or implied." Pursuant to that section, the term "environmental marketing claim"

26  includes any claim contained in the Guides for use of Environmental Marketing Claims published

27  by the FTC (the "Green Guides"). *Id.*; *see also* 16 C.F.R. § 260.1, *et seq.*

28

DOCUMENT PREPARED
ON RECYCLED PAPER

-13-

33. Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). This definition encompasses the three prongs of recyclability that are commonly used in the solid waste industry: (1) accessibility of recycling programs ("through an established recycling program"); (2) sortability for recovery ("collected, separated, or otherwise recovered from the waste stream"); and (3) end markets ("for reuse or use in manufacturing or assembling another item").

34. The California Public Resources Code similarly defines recycling as "the process of collecting, sorting, cleansing, treating, and reconstituting materials that would otherwise become solid waste, and returning them to the economic mainstream in the form of raw material for new, reused, or reconstituted products which meet the quality standards necessary to be used in the marketplace." Cal. Pub. Res. Code § 40180. This definition specifically excludes "transformation." *Id.* Transformation is defined as "incineration, pyrolysis, distillation, or biological conversion other than composting." *Id.*, § 40201. This recycling definition mirrors the Green Guides: a product should not be marketed as recyclable unless it can be reused or used in manufacturing or assembling another item.

35. These definitions are also consistent with reasonable consumer expectations. For instance, the dictionary defines the term "recycle" as: (1) convert (waste) into reusable material, (2) return (material) to a previous stage in a cyclic process, or (3) use again. Oxford Dictionary, Oxford University Press 2020. Accordingly, reasonable consumers expect that products advertised, marketed, sold, labeled, or represented as recyclable will be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.

36. As reflected in the Green Guides' language and regulatory history, the FTC does not consider a product to be recyclable unless it can actually be recycled. For instance, the Green Guides provide that: (1) "[i]f any component significantly limits the ability to recycle the item,

1     any recyclable claim would be deceptive;" and (2) "an item that is made from recyclable material,

2     but, because of its shape, size, or some other attribute, is not accepted in recycling programs,

3     should not be marketed as recyclable." 16 C.F.R. §§ 260.12(a) and (d); *see also id.*, § 260.12(d),

4     Examples 2 and 6. And in promulgating the current recycling definition that encompasses

5     accessibility, sortability and end markets, the FTC clarified that "[f]or a product to be called

6     recyclable, there must be an established recycling program, municipal or private, through which

7     the product *will be* converted into, or used in, another product or package." *See* 63 Fed. Reg. 84,

8     24247 (May 1, 1998) (emphasis added). As the FTC has stated, "while a product may be

9     technically recyclable, if a program is not available allowing consumers to recycle the product,

10    there is no real value to consumers." *Id.*, at 24243.

11          37.     The Green Guides provide specific examples of recycling claims that the FTC

12    considers deceptive, as well as examples of ways in which marketers can qualify those claims.[4]

13    Compliance with the examples provided by the FTC qualifies as a defense to a claim under the

14    EMCA. B&P Code § 17580.5(b). Under the Green Guides, a marketer may make an unqualified

15    recyclable claim if a substantial majority of consumers or communities have access to recycling

16    facilities for that item. 16 C.F.R. § 260.12(b)(1). A "substantial majority" means at least 60

17    percent of consumers or communities where the item is sold. *Id.* Absent such evidence,

18    marketers are required to use qualifications that vary in strength depending on the degree of

19    consumer access to recycling for an item. *Id.*, § 260.12(b)(2). For instance, if recycling facilities

20    are available to slightly less than 60 percent of consumers or communities, the Green Guides

21    recommend that a marketer should qualify the recyclable claim by stating "this product may not

22    be recyclable in your area," or "recycling facilities for this product may not exist in your area."

23    *Id.* If recycling facilities are available only to a few consumers, the Green Guides recommend

24    that a marketer should qualify its recyclable claim by stating "this product is recyclable only in a

25    few communities that have appropriate recycling facilities." *Id.* The Green Guides specifically

26

27    ───────────────────────
      [4] The examples in the Green Guides are specifically provided by the FTC as its "views on how

28    reasonable consumers likely interpret certain claims." 16 C.F.R. § 260.1(d).

DOCUMENT PREPARED
ON RECYCLED PAPER

                                              -15-

1    state that it is deceptive to market a product with an unqualified recycling representation stating

2    that the product is recyclable through a takeback program if the program is not available to a

3    substantial majority of people where the products are sold. See, e.g., Id. § 260.12(d), Example 9.

4          38.     California law and the Green Guides also require that marketers substantiate

5    environmental marketing claims. California law requires marketers to maintain "in written form"

6    records supporting the validity of environmental representations. B&P § 17580(a). This

7    requirement includes records regarding whether consumer goods conform with the Green Guides'

8    use of the terms "recycled" and "recyclable." Id., § 17580(a)(5). It was the specific intent of the

9    California Legislature that the information and documentation supporting the validity of

10    environmental marketing representations "shall be fully disclosed to the public." Id., § 17580(d).

11    Likewise, the Green Guides require marketers to ensure that their claims are supported by a

12    reasonable basis prior to making the claim. 16 C.F.R. § 260.2. A reasonable basis is defined as

13    competent and reliable scientific evidence, such as "tests, analyses, research, or studies that have

14    been conducted and evaluated in an objective manner by qualified persons and are generally

15    accepted in the profession to yield accurate and reliable results." Id. Such evidence should be

16    sufficient in quality and quantity. Id.

17                     **BACKGROUND FACTS**

18          39.     In the past decade humans across the globe have produced 8.3 billion metric tons

19    of plastic, most of it in disposable products and packaging that ends up as trash or pollution.[5] Of

20    the 8.3 billion metric tons produced, 6.3 billion metric tons have become plastic waste and only

21    9% of that has been recycled.[6] A third of the single-use plastic generated ends up in the natural

22    environment, accounting for 100 million metric tons of plastic pollution in 2016.[7] Current

23

24    [5] Roland Geyer, et al., *Production, use, and fate of all plastics ever made*, SCIENCE ADVANCES, Jul. 19, 2017, https://plasticoceans.org/wp-

25    content/uploads/2018/05/Production_use_and_fate_of_all_plastics_ever_made.pdf (last accessed Dec. 7, 2020).

26    [6] *Id.*

27    [7] *No Plastic in Nature: Accessing Plastic Ingestion From Nature to People*, WWF, June 2019, https://d2ouvy59p0dg6k.cloudfront.net/downloads/plastic_ingestion_web_spreads.pdf at p. 6 (last

28    accessed Dec. 7, 2020).

DOCUMENT PREPARED
ON RECYCLED PAPER

1  estimates suggest that there are over 150 million tons of plastics in the ocean.[8]  The EPA

2  estimates that Americans alone disposed of 35.7 million tons of plastic in 2018, 91.3% of which

3  was not recycled.[9]  While California had a goal to achieve a 75% recycling rate by 2020,

4  California's recycling rate is actually in decline.  According to CalRecycle, in 2014 California's

5  recycling rate was 50%, dropping to 47% in 2015 and down to 44% in 2016.[10] According to the

6  California Statewide Commission on Recycling Markets and Curbside Recycling, the state's

7  recycling rate dropped to 37% in 2019.[11]

8  　　　　40.　　　Recent investigations into the proliferation of plastic pollution plaguing the natural

9  environment have revealed that the plastics industry has known for decades that most products

10  and packaging made from plastic would not be recycled.  On September 11, 2020, National

11  Public Radio ("NPR") published an investigation illustrating the plastic industry's decades-long

12  awareness that recycling would not keep plastic products or packaging out of landfills,

13  incinerators, communities, or the natural environment.[12]  In a 1974 speech, one industry insider

14  stated "there is serious doubt that [recycling plastic] can ever be made viable on an economic

15  basis."[13]  Larry Thomas, former president of the Society of the Plastic Industry (known today as

16  the Plastics Industry Association), told NPR that "if the public thinks that recycling is working,

17

18  _____

[8] *The New Plastics Economy Rethinking the Future of Plastics*, ELLEN MACARTHUR FOUNDATION
19  AND MCKINSEY & COMPANY (2016), https://plasticoceans.org/wp-
content/uploads/2018/05/EllenMacArthurFoundation_TheNewPlasticsEconomy_Pages.pdf at p.
20  17 (last accessed Dec. 7, 2020).

21  [9] EPA, *2018 Advancing Sustainable Materials Management: Facts and Figures Report* – Tables
and Figures. (https://www.epa.gov/sites/production/files/2021-
22  01/documents/2018_tables_and_figures_dec_2020_fnl_508.pdf (last accessed Feb. 14, 2021).

23  [10] *California's Statewide Recycling Rate*, CALRECYCLE, last updated Mar. 3, 2020,
https://www.calrecycle.ca.gov/75percent/recyclerate (last accessed Dec. 7, 2020).

24  [11] California Statewide Statewide Commission on Recycling Markets and Curbside Recycling
Policy Recommendations, CALRECYCLE,
25  https://drive.google.com/drive/folders/17URSu4dubsoX4qV0qH3KciSWZhV595o5

(last accessed Feb. 14, 2021).

26  [12] Lara Sullivan, *How Big Oil Misled The Public Into Believing Plastic Would be Recycled.*
NPR.ORG (Sep. 11, 2020, 5:00 AM), https://www.npr.org/2020/09/11/897692090/how-big-oil-
27  misled-the-public-into-believing-plastic-would-be-recycled (last accessed Dec. 7, 2020).

28  [13] *Id.*

1  then they are not going to be as concerned about the environment."[14] The NPR investigative

2  report details the length and expense that the plastics industry went to deceive consumers that

3  plastic was easily recyclable, despite knowledge that the cost of recycling would never be

4  economical.  Similarly, a recent Canadian Broadcasting Corporation news report describes that

5  even the recycling logo was used as a marketing tool to improve the image of plastics after

6  environmental backlash in the 1980s.[15] "There was never an enthusiastic belief that recycling

7  was ultimately going to work in a significant way," yet the plastics industry spent millions on ads

8  to deceive the public as to the efficacy of recycling.[16]

9          41.    After decades of industry deception that plastic products and packaging are

10  recyclable, consumers have recently become more aware of the problems associated with single-

11  use plastics polluting the oceans and the natural environment.  The staggering amount of plastic

12  pollution accumulating in the environment is accompanied by an array of negative side effects.

13  For example, plastic debris is frequently ingested by marine animals and other wildlife, which can

14  be injurious, poisonous, and deadly.[17]  Floating plastic is also a vector for invasive species,[18] and

15  plastic that gets buried in landfills can leach harmful chemicals into ground water that is absorbed

16  by humans and other animals.[19]  Plastic litter on the streets and in and around our parks and

17  beaches also degrades the quality of life for residents and visitors.  Scientists have also discovered

18

19  _____

[14] *Id.*

20  [15] *Recycling was a lie – a big lie – to sell more plastic, industry experts say*, CBC.CA, Sep. 23,
21  2020, https://www.cbc.ca/documentaries/the-passionate-eye/recycling-was-a-lie-a-big-lie-to-sell-
    more-plastic-industry-experts-say-1.5735618 (last accessed Dec. 7, 2020).

22  [16] *Id.*

23  [17] Amy Lusher, et al., *Microplastics in Fisheries and Aquaculture: Status of knowledge on their
    occurrence and implications for aquatic organisms and food safety*, FAO Fisheries and
24  Aquaculture Technical Paper No. 615, Rome, Italy, 2017 http://www.fao.org/3/a-i7677e.pdf (last
    accessed Dec. 7, 2020).

25  [18] *Report on Marine Debris as a Potential Pathway for Invasive Species*, NOAA, March 2017,
    Silver Spring, MD; https://marinedebris.noaa.gov/sites/default/files/publications-
26  files/2017_Invasive_Species_Topic_Paper.pdf (last accessed Dec. 7, 2020)

27  [19] Emma L. Teuten, et al., *Transport and release of chemicals from plastics to the environment
    and to wildlife*, PHILIOS TRANS R. SOC. LOND. B. BIOL. SCI, July. 27, 2009,
28  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2873017/ (last accessed Dec. 7, 2020).

1    that plastic releases large amounts of methane, a powerful greenhouse gas, as it degrades.[20] Thus,

2    plastic pollution contributes to global climate change, which affects California in the form of

3    extreme drought, sea level rise, and more frequent and severe wildfires.[21]

4       42.    There are various types of plastic resin that are used to produce consumer products

5    and packaging. PET (plastic #1) and HDPE (plastic #2) bottles and jugs are widely considered to

6    be the most recyclable forms of plastic; however, studies indicate that even products and

7    packaging made from these resins often end up in landfills, incinerators, communities, or the

8    natural environment.[22] This is because materials recovery facilities ("MRF") and plastic

9    reprocessing plants in the United States cannot collect, sort and process the sheer volume of

10   plastic that is generated by consumer product companies on an annual basis.[23] The labor and cost

11   required to collect, sort, grind, melt, and reconstitute the approximately 35.7 million tons of

12   municipal plastic waste produced in the United States every year is insurmountable. A recent

13   Greenpeace study, which was co-authored by LBC, revealed that U.S. plastic reprocessing

14   facilities can process no more than 23% of PET#1 plastic produced each year and no more than

15   13% of HDPE#2.[24] More alarmingly, plastics #3-7, which are widely considered to be low-value

16   plastics, are rarely, if ever recycled. The Greenpeace/LBC study revealed that MRFs can process

17

18

---

19 [20] Sarah-Jeanne Rover, et al., *Production of methane and ethylene from plastic in the environment*, Aug. 1, 2018, PLoS ONE 13(8) e0200574,

20 https://journals.plos.org/plosone/article?id=10.1371/journal.pone.0200574 (last accessed Dec. 7, 2020).

21 [21] *What Climate Change Means for California*, U.S. EPA, Aug. 2016, EPA 430-F-16-007,

22 https://19january2017snapshot.epa.gov/sites/production/files/2016-09/documents/climate-change-ca.pdf (last accessed Dec. 7, 2020)

23 [22] *Facts and Figures about Materials, Waste and Recycling*, U.S. EPA,

24 https://www.epa.gov/facts-and-figures-about-materials-waste-and-recycling/plastics-material-specific-data (last accessed Dec. 7, 2020).

25 [23] Michael Corkery, *As Costs Skyrocket, More U.S. Cities Stop Recycling*, N.Y. TIMES, Mar. 16, 2019, https://www.nytimes.com/2019/03/16/business/local-recycling-costs.html (last accessed

26 Dec. 7, 2020).

[24] John Hocevar, *Circular Claims Fall Flat: Comprehensive U.S. Survey of Plastics Recyclability*,

27 GREENPEACE REPORTS, Feb. 18, 2020, https://www.greenpeace.org/usa/wp-content/uploads/2020/02/Greenpeace-Report-Circular-Claims-Fall-Flat.pdf (last accessed Dec. 7,

28 2020).

DOCUMENT PREPARED
ON RECYCLED PAPER

-19-

COMPLAINT

1  only a negligible percentage of plastics #3-7.[25] Additionally, reprocessing plastic creates a

2  significant amount plastic waste that must be landfilled or incinerated. According to the National

3  Association for PET Container Resources ("NAPCOR"), processing "easy-to-recycle" PET

4  bottles results in 28% material loss.[26]

5          43.     Due to the availability of cheap raw materials to make "virgin plastic," there is

6  essentially no market demand for most types of recycled plastic. Virgin plastic is derived from

7  oil and natural gas and has a higher quality than recycled plastic. Recognizing the market

8  potential from plastic production, major oil and natural gas companies have greatly expanded

9  their petrochemical operations to increase production of plastic resins and products, which drives

10  down the price of virgin plastic.[27] As a result, using virgin plastic to produce plastic products or

11  packaging is cheaper than using recycled plastic. Recycling facilities no longer have an incentive

12  to collect, sort, clean and reprocess waste plastic because there are almost no buyers of the

13  resulting plastic, pellets, or scrap materials.

14          44.     Historically, recycling facilities in the United States shipped plastic scrap to China

15  and other countries in the Far East for recycling. But millions of pounds of that exported plastic

16  waste were never recycled.[28] Instead, they were burned or entered into waterways, where they

17  were carried into the ocean.[29] For years, tons of plastic that U.S. consumers dutifully sorted and

18

19  [25] *Id.*

20  [26] NAPCOR, Report on Postconsumer PET Container Recycling Activity in 2017,
    https://napcor.com/wp-content/uploads/2018/11/NAPCOR_2017RateReport_FINAL.pdf (last

21  accessed Feb. 14, 2021)

22  [27] *Fueling Plastics: Fossils, Plastics, & Petrochemical Feedstocks*. CIEL.ORG (Sep. 2017)
    https://www.ciel.org/wp-content/uploads/2017/09/Fueling-Plastics-Fossils-Plastics-

23  Petrochemical-Feedstocks.pdf (last accessed Dec. 7, 2020).
    [28] Kara Lavender Law, et. al. *The United States' contribution of plastic waste to land and ocean*,

24  SCI. ADV., Oct. 30, 2020, Vol. 6, no. 44.   https://advances.sciencemag.org/content/6/44/eabd0288
    (last accessed Feb 24, 2021)

25  [29] Christopher Joyce, *Where Will Your Plastic Trash Go Now that China Doesn't Want it?*,
    NPR.ORG (Mar. 13, 2019, 4:28 PM ET),

26  https://www.npr.org/sections/goatsandsoda/2019/03/13/702501726/where-will-your-plastic-trash-

27  go-now-that-china-doesnt-want-it (last accessed Dec. 7, 2020); *see also Discarded: Communities
    on the Frontlines of the Global Plastic Crisis,* GAIA, Apr. 2019, https://wastetradestories.org/wp-

28  content/uploads/2019/04/Discarded-Report-April-22.pdf (last accessed Dec. 7, 2020).

To: 15102671547   Page: 23 of 39   2021-03-04 19:58:41 GMT   From: Lexington Law Group

Case 4:21-cv-06086-DMR  Document 1-1  Filed 08/06/21  Page 24 of 92

transported to recycling facilities ultimately ended up in the ocean or the natural environment. For example, in 2015 China's Yangtze river ranked highest for plastic entering the oceans.[30] That year, 333,000 tons of plastic were deposited into the ocean from the Yangtze river, more than double the amount for the river with the next highest amount.[31]

45. In February 2013, based on the high amounts of low-value and contaminated plastics shipped there, China enacted Operation Green Fence, an aggressive inspection effort aimed at curtailing the amount of contaminated recyclables and waste that was being sent to China.[32] China began inspecting 70 percent of imported containers filled with recyclables and started cracking down on shippers and recyclers for shipping low-value and contaminated plastic waste.[33] Despite manufacturers' and recyclers' awareness of China's refusal to accept low-value and contaminated plastic, the U.S. continued to export most of its plastic waste to China. By 2016, the U.S. was exporting almost 700,000 tons a year of plastic waste to China.[34]

46. In February 2017, in response to the continued shipment of low-value and contaminated plastic waste, China announced its National Sword policy, which banned the importation of certain solid waste and set strict contamination limits on recyclable material. Because of the National Sword policy, end markets for recycling plastics #3-7 have essentially vanished.[35] One year after China's National Sword Policy, China's plastics imports plummeted

---

[30] Laurent C.M. Lebreton, et al., *River plastic emissions to the world's oceans*, NAT. COMMUN. Jun. 7, 2017, 8:15611, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5467230/ (last accessed Dec. 7, 2020).

[31] *Id.*

[32] *What Operation Green Fence Has Meant for Recycling*, WASTE 360, https://www.waste360.com/business/what-operation-green-fence-has-meant-recycling (last accessed Dec. 7, 2020).

[33] *Id.*

[34] Christopher Joyce, *supra* note 29.

[35] Liz Zarka, *Recycling's Sword of Damocles*, EAST BAY EXPRESS, Mar. 21, 2019, https://m.eastbayexpress.com/oakland/recyclings-sword-of-damocles/Content?oid=26354842 (last accessed Dec. 7, 2020); *see also* Cheryl Katz., *Piling Up: How China's Ban on Importing Waste Has Stalled Global Recycling*, YALE ENVIRONMENT 360, Mar. 7, 2019, *available at:* https://e360.yale.edu/features/piling-up-how-chinas-ban-on-importing-waste-has-stalled-global-recycling (last accessed Dec. 7, 2020).

1    by 99 percent.[36]  Following enactment of the National Sword Policy other countries in the Far

2    East followed suit by banning imports of low-value and contaminated plastics that had long been

3    polluting their environments.[37]  In May 2019, 187 countries decided to significantly restrict

4    international trade in plastic scrap and waste to help address the improper disposal of plastic

5    pollution, which are known as the Basel Convention Plastic Waste Amendments.[38]  The Basel

6    Convention Plastic Waste Amendments prohibit export of mixed plastic waste to countries who

7    are not members of the Organization for Economic Co-operation and Development.[39]  Due to

8    increased regulations and restrictions on importing plastic waste, recycling companies can no

9    longer sell many types of used plastic at prices that cover their transportation and processing

10   costs, providing them with no incentive to do so.

11          47.     Aware of the limited capacity for MRFs and plastic reprocessors to recycle plastic

12   products and packaging and seeking to take advantage of consumers' interests in protecting the

13   environment, Defendants offer programs to recycle products that are not capable of being

14   recycled through established municipal collection.  These Products are typically made from hard-

15   to-recycle materials such as flexible plastic, multi-layer laminates, plastics with unique additives,

16   and products with multiple, integrated types of plastics and non-plastics.  These Products are not

17

18   [36] Cheryl Katz, *supra* note 35.

19   [37] *Why Some Countries Are Shipping Back Plastic Waste*, BBC News,
     https://www.bbc.com/news/world-48444874 (last accessed February 9, 2021); *see also*

20   *International Policies Affecting Global Commodity Markets*, Cal Recycle,
     https://www.calrecycle.ca.gov/markets/nationalsword/globalpolicies (last accessed February 9,

21   2021).

22   [38] *New International Requirements For The Export And Import of Plastic Recyclables And Waste*,
     U.S. EPA, last updated February 17, 2021, https://www.epa.gov/hwgenerators/new-international-
     requirements-export-and-import-plastic-recyclables-and-

23   waste#:~:text=the%20Basel%20Convention.-
     .What%20are%20the%20Basel%20plastic%20scrap%20and%20waste%20amendments%3F.mos

24   t%20plastic%20scrap%20and%20waste.&text=Prior%20notice%20and%20consent%20is%20req
     uired%20for%20Basel%20Y48.hazardous%20plastic%20scrap%20and%20waste (last accessed

25   February24, 2021).

26   [39] *Basel Convention on the Control of Transboundary Movements of Hazardous Wastes and Their
     Disposal*, open for signature Mar. 23, 1989, adopted May 5, 1992, U.N.T.S. vol. 1673,

27   Amendments to Annexes II, VII and IX, *Plastic Waste Amendments*, effective Jan. 1, 2021,
     http://www.basel.int/Implementation/Plasticwaste/PlasticWasteAmendments/Overview/tabid/842

28   6/Default.aspx (last accessed Feb. 24, 2021).

DOCUMENT PREPARED
ON RECYCLED PAPER

-22-

COMPLAINT

1　recyclable because they cannot be "collected, separated, or otherwise recovered from the waste

2　stream through an established recycling program for reuse or use in manufacturing or assembling

3　another item." 16 C.F.R. 260.12(a). According to TerraCycle's website, TerraCycle has found

4　that "nearly everything we touch can be recycled and [we] collect typically non-recyclable items

5　through national, first-of-their-kind recycling programs."[40] TerraCycle works with the other

6　Defendants to "take hard-to-recycle materials from our programs, such as ocean plastic, and turn

7　them into new products."[41] TerraCycle explains on its website that to recycle each Product a

8　consumer need only "choose the programs you'd like to join; start collecting in your home,

9　school, or office; download free shipping labels; and send us your waste to be recycled."[42] In

10　fact, prior to receiving Plaintiff's pre-suit demand on December 7, 2020, TerraCycle claimed on

11　its website that it recycled 97% of the material collected by volume. Given that the material

12　efficiency rates for recycling PET and HDPE bottles and jugs are significantly lower than 97%,

13　and those are the easiest materials to recycle, it is hard to believe that TerraCycle was ever able to

14　recycle 97% of the hard-to-recycle material it collected. It is not surprising that TerraCycle

15　removed that claim from its website after receiving Plaintiff's pre-suit demand.

16　　　　48.　　　To take advantage of consumers' interests in reducing the environmental footprint

17　of the products they buy, Defendants portray to consumers that their Products are recyclable.

18　There are a wide range of products made from plastic and other materials that are not accepted in

19　municipal curbside or drop-off center recycling systems. Thus, to count these Products as

20　recyclable and to achieve sustainability goals, Defendants created a "mail back and recycle"

21　program. And each manufacturer Defendant markets, advertises, labels or otherwise states that

22　its Products are recyclable with TerraCycle.

23　　　　49.　　　Defendants' advertisements and marketing materials and the Products' labels fail

24　to inform consumers that Defendants have strict numerical limits that prohibit most consumers

25

26　[40] Terracycle.com, https://www.terracycle.com/en-US/# (last accessed February 5, 2021).

27　[41] Id.

28　[42] Id.

1    from participating in their recycling programs. For example, if a consumer visits TerraCycle's

2    website to recycle Febreze Aerosol containers, all of which are labeled as recyclable, the

3    consumer will discover that the recycling program is limited to 7,000 participating locations and

4    has zero available locations.[43] Considering that The Procter & Gamble Company likely sells

5    hundreds of thousands of Febreze Aerosol containers, if not more, the vast majority of these

6    Products cannot be recycled and are therefore not recyclable. Even the use of the term

7    "participating locations" is misleading because a "participating location" actually refers to an

8    individual or group signed up for Defendants' takeback programs. In other words, the program

9    for Febreze Aerosol containers is limited to 7,000 individuals or groups, the only potentially

10   available "location" is with TerraCycle, and once the participation limit has been met new

11   individuals or groups are put on a waiting list indefinitely.

12         50.     Defendants' statements that the Products are recyclable with TerraCycle constitute

13   unqualified recycling representations. As an initial matter, a reasonable consumer examining the

14   Products' advertising, marketing materials or labels will not realize that "with TerraCycle" or

15   other similar phrases means that, in order to recycle the Products, the consumer will need to sign

16   up for a program that in turn requires that individual to take numerous, cumbersome steps to send

17   the Products by mail to TerraCycle for recycling. Furthermore, if a consumer makes this

18   discovery, Defendants inform consumers that the Products will be recycled if they follow the

19   instructions to mail back the Products but fails to disclose the limited availability and capacity in

20   Defendants' programs. *See, e.g.*, 16 C.F.R. §§ 260.12(b); 260.12(d) Example 9.

21

22

23   ———————————————
[43] The fact that Defendants place people on a waitlist when a program is full does not lessen the
24   deceptiveness of Defendants' recycling representations since placing people on a waitlist until a
spot opens up does not increase access to recycling of the Products. Further, consumers purchase
25   the Products with the belief that they will be able to recycle the Products immediately by sending
the packaging back to TerraCycle, and people are not willing to save waste for an unknown and
26   unspecified duration in the hopes they will later be accepted to Defendants' recycling programs.
In addition, TerraCycle has a program where consumers can pay for their Products to be recycled,
27   but such a payment program is not disclosed to consumers and thus consumers have no
reasonable expectation that they will be required to pay for the Product to be recycled when they
28   purchase it.

51.     In response to Plaintiff's pre-suit demand, some of the Defendants made marginal increases to their participation limits, but none of those increases have been sufficient to make recyclability available to most purchasers of the Products nor anywhere close to the 60 percent standard in the Green Guides. *See* 16 C.F.R. § 260.12(b)(1). Defendants have also been unwilling to commit to maintaining those participation increases, and may well reduce the participation limits again in the future. Consumers purchase the Products with the belief that they will be able to recycle the Products, only to find out later that participation in Defendants' recycling programs are full and that they will need to either pay for a "Zero Waste Box" to return it to TerraCycle or discard the packaging into the trash where it will ultimately end up in a landfill. Worse yet, some consumers discard the packaging into their recycling bins, thereby contaminating legitimate recycling streams with unrecyclable materials and increasing costs for municipalities.

52.     In their haste to lure customers interested in environmentally friendly products and packaging, Defendants are making environmental marketing claims that are false, misleading, and deceptive. The claims made by Defendants that the Products are recyclable are consistent and are material to a reasonable consumer. Because the claims are false and misleading, ordinary consumers are likely to be deceived by such representations. Defendants are also aware of the economic benefits of marketing their Products as recyclable. TerraCycle's 2019 earnings report states:

> Many of these clients have told us (as they renew those programs) that they have experienced increased customer loyalty, higher revenue and/or greater market share that they attribute to their TerraCycle programs. Our experience has led us to conclude that some consumers patronize brands that enable recyclability of products and packaging that were not previously recyclable.[44]

Defendants are therefore reaping the rewards of portraying themselves as environmentally friendly by marketing the Products as recyclable while offering no corresponding benefit to the environment or to consumers concerned about sustainability.

---

[44] U.S. S.E.C. Ann. Rep. Form 1-K, TerraCycle US Inc. (Dec. 31, 2019).

53.     Pursuant to the Green Guides, "it is deceptive to misrepresent, directly or by implication, that product or package is recyclable," unless it "can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. 260.12(a). Because Defendants can only collect Products from a tiny fraction of consumers, Defendants' unqualified representations that the Products are recyclable are per se deceptive under the Green Guides and violates California law. *See* 16 C.F.R. §§ 260.12(b); 260.12(d) Example 9.

54.     Defendants' claim that the Products are recyclable can also lead to contaminating the recycling stream with unrecyclable materials that will hinder the ability of municipal recycling facilities to safely and cost-effectively process items that are legitimately recyclable. For instance, according to the Recycling Partnership, "plastic bags cause MRF operators to shut down the recycling line many times a day to cut off bags that have wrapped around equipment. This maintenance shut down reduces throughput for a facility, raises cost of labor to sort materials and maintain equipment, increases waste coming out of the MRF, and puts workers at risk of injury when they are performing maintenance."[45] By marketing the Products as recyclable, while limiting participation in takeback programs, Defendants are increasing the likelihood that consumers will toss their non-recyclable Products into recycling bins. Thus, Defendants are contaminating the recycling stream with unrecyclable materials that prevents legitimately recyclable materials from being recycled. Environmentally motivated consumers who purchase the Products in the belief that they are recyclable may be thus unwittingly hindering recycling efforts and driving up recycling costs in their municipalities.

55.     Environmentally motivated consumers purchase the Products from Defendants based on the belief that the Products will be recycled. At the time of purchase, these consumers have no way of knowing that Defendants' programs are full. Thus, it is only after purchasing the Products with the expectation that the Products will be recycled that consumers learn that

---

[45] Asami Tanimoto, *West Coast Contamination Initiative Research Report*, THE RECYCLING PARTNERSHIP, Apr. 2020, https://recyclingpartnership.org/wp-content/uploads/2020/04/The-Recycling-Partnership_WCCI-Report_April-2020_Final.pdf at p. 13 (last accessed Dec. 7, 2020).

1  Defendants cannot recycle their Products because their recycling program is full. Even as to the

2  Products that Defendants accept, consumers have no way of knowing whether the Products are

3  actually reused or converted into a material that can be reused or used in manufacturing or

4  assembling another item. These consumers place a high priority on environmental concerns in

5  general, and on the negative consequences regarding the proliferation of plastic pollution in

6  particular. Based on the labeling and advertising of Defendants' Products, reasonable consumers

7  believe that the Products can and will be recycled. Defendants' representations that the Products

8  are recyclable are thus material to reasonable consumers.

9      56.    LBC's mission is to protect the natural environment from plastic pollution and

10  expose environmental harms caused by plastic pollution to the public. Given that many

11  consumers actively seek to purchase recyclable products because they are environmentally

12  conscious, and that reasonable consumers believe that Products marketed as recyclable will

13  actually be recycled, Defendants' false, misleading, and deceptive recyclable claims on the

14  Products have frustrated LBC's mission. LBC has diverted significant resources and staff time in

15  response to this frustration of purpose by evaluating the problems associated with the

16  proliferation of plastic pollution, investigating Defendants' recyclable representations, and

17  informing the public and the media with respect to Defendants' false, misleading, and deceptive

18  recycling claims.

19      57.    Defendants are aware that the vast majority of the Products are not recyclable, yet

20  Defendants have not undertaken any effort to notify their customers of the problem. Defendants'

21  failure to disclose that the Products are not recyclable is an omission of fact that is material to

22  reasonable consumers.

23      58.    In addition, Defendants are required to maintain written records substantiating the

24  validity of environmental marketing representations, including whether consumers goods

25  conform with the Green Guides' use of the terms "recycled" and "recyclable." B&P § 17580(a);

26  *see also* 16 C.F.R. § 260.2. The California Legislature intended that such documentation would

27  be fully disclosed to the public. *Id.*, § 17580(d). However, since Plaintiff served its pre-suit

28  demand, Defendants have not provided any documents substantiating their claims that the

DOCUMENT PREPARED ON RECYCLED PAPER

1   Products are recyclable (and certainly not the 97% material volume previously claimed on

2   TerraCycle's website). Defendants' failure to substantiate their claims are a violation of both

3   California law and the Green Guides.

4                      **FIRST CAUSE OF ACTION**

5      **(Plaintiff Alleges Violations of California Business & Professions Code § 17200,**
                   **_et seq_. Based on Fraudulent Acts and Practices)**

6

7        59.     Plaintiff incorporates by reference the allegations set forth above.

8        60.     Under B&P § 17200, any business act or practice that is likely to deceive members

9   of the public constitutes a fraudulent business act or practice.

10       61.     Defendants have engaged and continue to engage in conduct that is likely to

11   deceive members of the public. This conduct includes, but is not limited to, representing that the

12   Products are recyclable.

13       62.     Plaintiff has no adequate remedy at law for the injuries currently being suffered as

14   an award of monetary damages would not redress Defendants' false, misleading, and deceptive

15   statements.

16       63.     Defendants' claims that the Products are recyclable are material, untrue, and

17   misleading. These recyclable claims are prominent on all of Defendants' marketing, advertising,

18   and labeling materials, even though Defendants are aware that the claims are false and

19   misleading. Defendants' claims are thus likely to deceive a reasonable consumer. LBC

20   investigated Defendants' recyclable representations because part of LBC's mission is to ensure

21   that consumers are not misled by environmental marketing claims. In furtherance of this mission

22   and as part of LBC's investigation, LBC diverted resources from other programs in order to

23   specifically investigate Defendants' representations that the Products are recyclable. In

24   particular, LBC utilized extensive staff time and expended substantial resources to understand the

25   issue of plastic pollution and investigate Defendants' role in the proliferation of plastic waste.

26   LBC would not have diverted such resources but for Defendants' false representations that the

27   Products are recyclable. LBC has thus suffered injury in fact and lost money or property as a

28   direct result of Defendants' misrepresentations and material omissions.

64. By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of B&P § 17200.

65. An action for injunctive relief is specifically authorized under B&P § 17203.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

## SECOND CAUSE OF ACTION

### (Plaintiff Alleges Violations of California Business & Professions Code § 17200, *et seq.* Based on Commission of Unlawful Acts)

66. Plaintiff incorporates by reference the allegations set forth above.

67. The violation of any law constitutes an unlawful business practice under B&P § 17200.

68. Defendants' conduct violates Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or effecting commerce. By misrepresenting that the Products are recyclable, Defendants are violating Section 5 of the FTC Act.

69. Defendants' conduct also violates B&P § 17500, which prohibits knowingly making, by means of any advertising device or otherwise, any untrue or misleading statement with the intent to sell a product or to induce the public to purchase a product. By misrepresenting that the Products are recyclable, Defendants are violating B&P § 17500.

70. Defendants' conduct also violates B&P § 17580.5, which makes it unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim. Pursuant to § 17580.5, the term "environmental marketing claim" includes any claim contained in the Green Guides. 16 C.F.R. § 260.1, *et seq.* Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). By misrepresenting that the Products are recyclable as described above, Defendants are violating B&P § 17580.5.

-29-

71.    Defendants' failure to substantiate their claims that the Products are recyclable is also a violation of both California law and the Green Guides. California law requires Defendants to maintain written records substantiating the validity of environmental marketing representations, including whether consumers goods conform with the Green Guides' use of the terms "recycled" and "recyclable." B&P § 17580(a). Likewise, the Green Guides require that marketers ensure that their claims are supported by a reasonable basis prior to making the claim. 16 C.F.R. § 260.2.

72.    By violating the FTC Act and B&P §§ 17500, 17580 and 17580.5, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of B&P § 17200.

73.    Plaintiff has no adequate remedy at law for the injuries currently being suffered as an award of monetary damages would not redress Defendants' unlawful acts.

74.    LBC investigated Defendants' recyclable representations because part of LBC's mission is to ensure that consumers are not misled by environmental marketing claims. In furtherance of this mission and as part of LBC's investigation, LBC diverted resources from other programs in order to specifically investigate Defendants' representations that the Products are recyclable. In particular, LBC utilized extensive staff time and expended substantial resources to understand the issue of plastic pollution and investigate Defendants' role in the proliferation of plastic waste. LBC would not have diverted such resources but for Defendants' false representations that the Products are recyclable. LBC has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

75.    An action for injunctive relief is specifically authorized under B&P § 17203.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

### THIRD CAUSE OF ACTION

**(Plaintiff Alleges Violations of California Business & Professions Code § 17200, *et seq.* Based on Unfair Acts and Practices)**

76.    Plaintiff incorporates by reference the allegations set forth above.

77.     Under B&P § 17200, any business act or practice that is unethical, oppressive, unscrupulous, or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

78.     Defendants have engaged and continue to engage in conduct which is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. This conduct includes, but is not limited to, advertising and marketing the Products as recyclable when they are not. By taking advantage of consumers concerned about the environmental impacts of plastic pollution, Defendants' conduct, as described herein, far outweighs the utility, if any, of such conduct.

79.     Defendants have engaged and continue to engage in conduct that violates the legislatively declared policy of Cal. Pub. Res. Code § 42355.5 against deceiving or misleading consumers about the environmental impact of plastic products.

80.     Defendants' conduct also violates the policy of the Green Guides. The Green Guides mandate that "[a] product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a). It further states that "[a]n item that is made from recyclable material, but because of its shape, size or some other attribute is not accepted in recycling programs, should not be marketed as recyclable." 16 C.F.R. § 260.12(d). As explained above, the Products are rarely recycled because very few consumers have access to Defendants' recycling takeback programs. Taking advantage of consumer perception in this manner violates the policy of the Green Guides.

81.     Defendants' failure to substantiate their claims that the Products are recyclable also violates the policies set forth in California law and the Green Guides. California law requires Defendants to maintain written records substantiating the validity of environmental marketing representations. B&P § 17580(a). Likewise, the Green Guides require that marketers ensure that their claims are supported by a reasonable basis prior to making the claim. 16 C.F.R. § 260.2. Defendants' failure to provide any substantiation for their representations is unfair based on the requirements in the Green Guides and clearly violates the Legislative declared policy in

COMPLAINT

DOCUMENT PREPARED
ON RECYCLED PAPER

1    California that information and documentation supporting the validity of environmental

2    representations "shall be fully disclosed to the public." B&P § 17580(d).

3              82.    Defendants' conduct, including failing to disclose that the Products are not

4    recyclable and that the majority of the Products will end up in landfills, incinerators,

5    communities, and the natural environment, is substantially injurious to consumers. Such conduct

6    has caused and continues to cause substantial injury to consumers because consumers would not

7    have purchased the Products but for Defendants' representations that the Products are

8    recyclable. Consumers are concerned about environmental issues in general and plastic pollution

9    in particular and Defendants' representations are therefore material to such

10   consumers. Misleading consumers causes injury to such consumers that is not outweighed by any

11   countervailing benefits to consumers or competition. Indeed, no benefit to consumers or

12   competition results from Defendants' conduct. Defendants gain an unfair advantage over their

13   competitors, whose advertising must comply with Cal. Pub. Res. Code § 42355.5, the FTC Act,

14   B&P § 17508, and the Green Guides. Since consumers reasonably rely on Defendants'

15   representations of the Products and injury results from ordinary use of the Products, consumers

16   could not have reasonably avoided such injury.

17             83.    Although Defendants know that the Products are not recyclable and that many of

18   the Products will not be recycled, Defendants failed to disclose those facts to their customers.

19             84.    By committing the acts alleged above, Defendants have engaged in unfair business

20   acts and practices which constitute unfair competition within the meaning of B&P § 17200.

21             85.    Plaintiff has no adequate remedy at law for the injuries currently being suffered as

22   an award of monetary damages would not redress Defendants' unfair business acts and practices.

23             86.    An action for injunctive relief is specifically authorized under B&P § 17203.

24             87.    LBC investigated Defendants' recyclable representations because part of LBC's

25   mission is to ensure that consumers are not misled by environmental marketing claims. In

26   furtherance of this mission and as part of LBC's investigation, LBC diverted resources from other

27   programs in order to specifically investigate Defendants' representations that the Products are

28   recyclable. In particular, LBC utilized extensive staff time and expended substantial resources to

DOCUMENT PREPARED
ON RECYCLED PAPER

-32-

1    understand the issue of plastic pollution and investigate Defendants' role in the proliferation of

2    plastic waste. LBC would not have diverted such resources but for Defendants' false

3    representations that the Products are recyclable. LBC has thus suffered injury in fact and lost

4    money or property as a direct result of Defendants' misrepresentations and material omissions.

5          Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

6                                **PRAYER FOR RELIEF**

7          WHEREFORE, Plaintiff has no adequate remedy at law and prays for judgment and relief

8    against Defendants as follows:

9          A.    That the Court preliminarily and permanently enjoin Defendants from conducting

10   their business through the unlawful, unfair, or fraudulent business acts or practices, untrue and

11   misleading advertising, and other violations of law described in this Complaint;

12         B.    That the Court order Defendants to conduct a corrective advertising and

13   information campaign advising consumers that the Products do not have the characteristics, uses,

14   benefits, and qualities Defendants have claimed;

15         C.    That the Court order Defendants to cease and refrain from marketing and

16   promotion of the Products that state or imply that the Products are recyclable;

17         D.    That the Court order Defendants to maintain records in written form substantiating

18   the extent to which the Products are recyclable and enjoin Defendants from making

19   environmental marketing claims with respect to the recyclability of the Products without

20   sufficient substantiation.

21         E.    That the Court order Defendants to implement whatever measures are necessary to

22   remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading

23   advertising, and other violations of law described in this Complaint;

24         F.    That the Court grant Plaintiff its reasonable attorneys' fees and costs of suit

25   pursuant to California Code of Civil Procedure § 1021.5, the common fund doctrine, or any other

26   appropriate legal theory; and

27         G.    That the Court grant such other and further relief as may be just and proper.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

-33-

COMPLAINT

1

### JURY DEMAND

2          Plaintiff demands a trial by jury on all causes of action so triable.

3

4    Dated:   March 4, 2021                    Respectfully submitted,

5                                               LEXINGTON LAW GROUP

6

7

8                                               Howard Hirsch (State Bar No. 213209)
                                                Ryan Berghoff (State Bar No. 308812)
9                                               Meredyth Merrow (State Baw No. 328337)
                                                LEXINGTON LAW GROUP
10                                              503 Divisadero Street
                                                San Francisco, CA 94117
11                                              Telephone: (415) 913-7800
                                                Facsimile: (415) 759-4112
12                                              hhirsch@lexlawgroup.com
                                                rbergoff@lexlawgroup.com
13                                              mmerrow@lexlawgroup.com
14
                                                Attorneys for Plaintiff
15                                              THE LAST BEACH CLEANUP
16

17

18

19

20

21

22

23

24

25

26

27

28

ON RECYCLED PAPER                                       -34-

                                            COMPLAINT

                                    EXHIBIT A - Page 36

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TERRACYCLE, INC.; CSC BRANDS LP; GERBER PRODUCTS COMPANY; LATE JULY SNACKS, LLC; please see additional page

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THE LAST BEACH CLEANUP

**FILED BY FAX**
ALAMEDA COUNTY

March 04, 2021

CLERK OF
THE SUPERIOR COURT

By Lynn Wiley, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso).*
**RG21090702**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Howard Hirsch, Lexington Law Group, 503 Divisadero Street, San Francisco, CA 94117, (415) 913-7800

DATE:
*(Fecha)* March 04, 2021

Clerk, by *Lynn Wiley* , Deputy
*(Secretario)* digital *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Gerber Products Company

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

EXHIBIT A - Page 37

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LAST BEACH CLEANUP v. TERRACYCLE, INC., et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

L'OREAL USA S/D, INC.; MATERNE NORTH AMERICA; THE COCA-COLA COMPANY; THE CLOROX COMPANY; THE PROCTOR & GAMBLE COMPANY; TOM'S OF MAINE, INC.; and DOES 1 through 100, inclusive

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A - Page 38

Lexington Law Group
Attn: Hirsch, Howard
503 Divisadero Street
San Francisco, CA   94117____

TERRACYCLE, INC.

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

THE LAST BEACH CLEANUP

                    Plaintiff/Petitioner(s)

                    VS.

TERRACYCLE, INC.

                    Defendant/Respondent(s)
                    (Abbreviated Title)

No. <u>RG21090702</u>


NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

                    Complex Determination Hearing
                    Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE:  04/21/2021   TIME:  09:00 AM   DEPARTMENT:  21
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland

Case Management Conference:
DATE:  05/20/2021   TIME:  09:00 AM   DEPARTMENT:  21
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland


Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  03/08/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

                                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/09/2021.

By _____

                                                                    Deputy Clerk

Lexington Law Group
Attn: Hirsch, Howard
503 Divisadero Street
San Francisco, CA   94117____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| THE LAST BEACH CLEANUP<br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>TERRACYCLE, INC.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG21090702<br><br>Order<br><br>Complaint - Toxic Tort/Environmental |

The Complex Determination Hearing was set for hearing on 04/21/2021 at 09:00 AM in Department 21 before the Honorable Winifred Y. Smith.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court does not designate this case as complex.  The parties will receive notice of a case management conference in another civil department.

Any complex fees paid for or by the parties prior to the order shall be reimbursed in the amount paid pursuant to Government Code Section 70616(c).

Dated:  04/21/2021                                    _____

---

Lexington Law Group
Attn: Hirsch, Howard
503 Divisadero Street
San Francisco, CA   94117____

## Superior Court of California, County of Alameda

| | |
|---|---|
| THE LAST BEACH CLEANUP | No. <u>RG21090702</u> |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| TERRACYCLE, INC. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **07/19/2021**<br>Time: **03:00 PM** | Department: **517**<br>    Location: **Hayward Hall of Justice**<br>        **3rd Floor**<br>        **24405 Amador Street, Hayward  CA  94544**<br><br>    Internet: **www.alameda.courts.ca.gov** | Judge: **Stephen Pulido**<br>Clerk: **Kasha Clarke**<br>Clerk telephone: **(510) 690-2726**<br>E-mail:<br>**Dept517@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1.  **Plaintiff** must:

    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b.  **Give notice** of this conference to all other parties and file proof of service.

2.  **Defendant must** respond as stated on the summons.

3.  **All parties who have appeared before the date of the conference** must:

    a.  **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b.  **File and serve** a completed *Case Management Statement* on Form CM-110  at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c.  **Post jury fees** as required by Code of Civil Procedure section 631.

4.  If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5.  You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6.  You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7.  The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER      Page 1 of 2

EXHIBIT A - Page 42

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/28/2021.

By _____

Deputy Clerk

Form Approved for Mandatory Use
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER          Page 2 of 2

EXHIBIT A - Page 43

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG21090702
Case Title:     THE LAST BEACH CLEANUP VS TERRACYCLE, INC.
Date of Filing: 03/04/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Stephen Pulido** |
| **Department:** | **517** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward  CA  94544** |
| **Phone Number:** | **(510) 690-2726** |
| **Fax Number:** | |
| **Email Address:** | **Dept517@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Stephen Pulido
DEPARTMENT 517

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association at www.acbanet.org.

All references to "counsel" in this Order apply equally to self-represented litigants.  The Court maintains Self-Help Services at 24405 Amador Street, Dept. 501, Hayward, CA, (510) 272-1393.

Parties and counsel must submit identical courtesy copies of all law and motion papers directly to Dept. 517 no later than 12:00 p.m. the day after they are filed and served.  If the courtroom is closed when the delivery is made, counsel may leave the papers in the box placed outside of Dept. 517.  This requirement is set forth in Local Rule 3.30(c).  If a party files a motion that requires the Court to review the pleadings, courtesy copies of the relevant Complaints, Cross-Complaints, or Answers must also be delivered to Dept. 517.

## Schedule for Department 517

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Thursdays, beginning at 8:30 a.m. and concluding at 1:30 p.m.

- Case Management Conferences are held:  Mondays, Tuesdays and Thursdays at 3:00 p.m.  Timely filed and complete case management conference statements are mandatory in all cases.

- Law and Motion matters are heard:  Tuesdays and Thursdays at 3:00 p.m.

- Settlement Conferences are heard:  Friday mornings.  The time will be determined by the Court in coordination with the parties.

- Pre-Trial Readiness conferences take place at 1:30 p.m. on Fridays.

- Ex Parte matters are heard:  Mondays and Thursdays at 2:30 p.m., as space is available.

- Orders of Examination are heard: Fridays at 9:00 a.m.

- (1)  Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC 3.724).  (2)  Potential discovery and other problems should be anticipated and discussed.

- If possible, parties should deliver courtesy copies of papers filed in support and in opposition to ex parte applications no later than 4:00 p.m. on the court date before the hearing on the application. If the parties cannot meet that deadline, they should attempt to deliver the papers to Dept. 517 at least two hours prior to the hearing on the application. the court notes that parties opposing an ex parte application are not required to submit written oppositions prior to the hearing.

<u>Law and Motion Procedures</u>

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept517@alameda.courts.ca.gov

  No Discovery Motion may be filed until an Informal Discovery Conference has been held or denied by the Court as set forth in Local Rule 3.31.

- Ex Parte Matters
  Email:          Dept517@alameda.courts.ca.gov


<u>Tentative Rulings</u>

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 517
- Phone:  1-866-223-2244

Dated:  04/27/2021

_____
                                    Facsimile
Presiding Judge,
Superior Court of California, County of Alameda

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/28/2021

By _____
                                    Deputy Clerk

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800   FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | *FOR COURT USE ONLY*<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>June 29, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy<br><br>CASE NUMBER:<br>**RG21090702** |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: Hayward Hall of Justice | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*
      CSC Brands LP

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   The Corporation Trust Company, 1209 N Orange Street, Wilmington DE 19801-1120
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]       **PROOF OF SERVICE OF SUMMONS**       Code of Civil Procedure, § 417.10

EXHIBIT A - Page 48

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* June 18, 2021      (2) from *(city):* San Francisco, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* CSC Brands LP
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Alexis Pearson
  b. Address: 503 Divisadero Street, San Francisco, CA 94117
  c. Telephone number: (415) 913-7800
  d. **The fee** for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 28, 2021

| Alexis Pearson | *(signature)* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER: RG 21-090702 |
|---|---|

1  Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___3___ |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A - Page 50

**SENDER: COMPLETE THIS SECTION**

- Ensure items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

CSC BRANDS LP
c/o The Corporation Trust Company
1209 N Orange Street
Wilmington DE 19801-1120

9490 9118 9956 0623 5213 77

**2. Article Number** *(Transfer from service label)*
9414 7118 9956 0623 5213 35

PS Form 3811 Facsimile, July 2015 (SDC 3930)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent )

X

B. Received By: (Printed Name) | C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

RECEIVED

JUN 2 9 2021

**3. Service Type**

☑ Certified Mail®

Domestic Return Receipt

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800    FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>June 29, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda | |
|---|---|
| STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: Hayward Hall of Justice | CASE NUMBER:<br>**RG21090702** |

| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*
      Terracycle, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   The Corporation Trust Company, 1209 N Orange Street, Wilmington DE 19801-1120
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*      (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. ✔ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* June 18, 2021 (2) from *(city):* San Francisco, CA

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ✔ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ✔ On behalf of *(specify):* Terracycle, Inc.
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)  ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)  ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
☐ 416.50 (public entity)  ☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: Alexis Pearson
b. Address: 503 Divisadero Street, San Francisco, CA 94117
c. Telephone number: (415) 913-7800
d. **The fee** for service was: $
e. I am:

(1) ✔ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ a registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.:
(iii) County:

8. ✔ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 28, 2021

*(signature)*

| Alexis Pearson |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |
|---|---|

1  Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___3___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

**SENDER: COMPLETE THIS SECTION**

■ Ensure items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

TERRACYCLE, INC.
c/o The Corporation Trust Company
1209 N Orange Street
Wilmington DE 19801-1120

9490 9118 9956 0623 5285 36

**2. Article Number** *(Transfer from service label)*

9414 7118 9956 0623 5285 87

PS Form 3811 Facsimile, July 2015 (SDC 3936)

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature:** *( ☐ Addressee or ☐ Agent)*

X

**B. Received By:** *(Printed Name)*     **C. Date of Delivery**

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED

JUN 2 2 2021

CT CORPORATION

**3. Service Type**

☑ Certified Mail®

Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard Hirsch (SBN 213209) | **FILED BY FAX** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Howard Hirsch (SBN 213209)
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117
TELEPHONE NO.: (415) 913-7800    FAX NO. *(Optional):* (415) 759-4112
E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com
ATTORNEY FOR *(Name):* The Last Beach Cleanup

FOR COURT USE ONLY
**FILED BY FAX**
ALAMEDA COUNTY

June 29, 2021

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

CASE NUMBER:
**RG21090702**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS:  24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Hayward, CA 94544
BRANCH NAME:  Hayward Hall of Justice

PLAINTIFF/PETITIONER: The Last Beach Cleanup

DEFENDANT/RESPONDENT: Terracycle, Inc., et al.

CASE NUMBER:
RG 21-090702

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*
      Materne North America

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Michel Larroche, 20 W 22nd St Floor 12, New York, NY 10010-5843
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party {1) on *(date):*                    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*                    at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*                    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* June 18, 2021     (2) from *(city):* San Francisco, CA

   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✔] On behalf of *(specify):* Materne North America
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
  a. Name: Alexis Pearson
  b. Address: 503 Divisadero Street, San Francisco, CA 94117
  c. Telephone number: (415) 913-7800
  d. **The fee** for service was: $
  e. I am:
    (1) [✔] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 28, 2021

| Alexis Pearson | *Alexis Pearson* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al.

CASE NUMBER:

RG 21-090702

1   Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27   This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____3_____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

**SENDER: COMPLETE THIS SECTION**

- ■ Ensure items 1, 2, and 3 are completed.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MATERNE NORTH AMERICA
c/o Michel Larroche
20 W 22nd St Floor 12
New York NY 10010-5843



9490 9118 9956 0623 5898 89

2. Article Number *(Transfer from service label)*
9414 7118 9956 0623 5898 47

PS Form 3811 Facsimile, July 2015 (SDC 3930)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ *Addressee or* ☐ *Agent* )

X

B. Received By: *(Printed Name)*          C. Date of Delivery

EHODAS COVING          6/2/21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type

☑ Certified Mail®

Domestic Return Receipt

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800     FAX NO. *(Optional)*: (415) 759-4112<br>E-MAIL ADDRESS *(Optional)*: hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name)*: The Last Beach Cleanup | FOR COURT USE ONLY<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>June 29, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda<br>STREET ADDRESS:  24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Hayward, CA 94544<br>BRANCH NAME:  Hayward Hall of Justice | CASE NUMBER:<br>**RG21090702** |

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents)*: please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served)*:
   Tom's of Maine, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   Kenneth A Keene, 128 State St #3, Augusta ME 04330-5630
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*:                    (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*:                    at *(time)*:          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:          from *(city)*:                    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5.  c.  [✔]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):* June 18, 2021    (2)  from *(city):* San Francisco, CA

    (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)  [✔]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [✔]  On behalf of *(specify):* Tom's of Maine, Inc.
    under the following Code of Civil Procedure section:

    [✔]  416.10 (corporation)    [ ]  415.95 (business organization, form unknown)
    [ ]  416.20 (defunct corporation)    [ ]  416.60 (minor)
    [ ]  416.30 (joint stock company/association)    [ ]  416.70 (ward or conservatee)
    [ ]  416.40 (association or partnership)    [ ]  416.90 (authorized person)
    [ ]  416.50 (public entity)    [ ]  415.46 (occupant)
        [ ]  other:

7.  **Person who served papers**
  a.  Name: Alexis Pearson
  b.  Address: 503 Divisadero Street, San Francisco, CA 94117
  c.  Telephone number: (415) 913-7800
  d.  **The fee** for service was: $
  e.  I am:
    (1)  [✔]  not a registered California process server.
    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [ ]  a registered California process server:
      (i)  [ ]  owner  [ ]  employee  [ ]  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  [✔]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 28, 2021

| Alexis Pearson | ▶ *(signature)* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER: RG 21-090702 |
|---|---|

1   Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27   This page may be used with any Judicial Council form or any other paper filed with the court.                    Page ___3___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]                    **ADDITIONAL PAGE**
                    **Attach to Judicial Council Form or Other Court Paper**                    CRC 201, 501

EXHIBIT A - Page 62

**SENDER:** COMPLETE THIS SECTION

- ■ Ensure items 1, 2, and 3 are completed.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

TOM'S OF MAINE, INC
c/o Kenneth A Keene
128 State St # 3
Augusta ME 04330-5630





9490 9118 9956 0623 7341 28

**2. Article Number** *(Transfer from service label)*
9414 7118 9956 0623 7341 62

PS Form 3811 Facsimile, July 2015 (SDC 3930)

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature:** ( ☐ *Addressee* or ☐ *Agent*)

X _Debi Bilodeau_

**B. Received By:** *(Printed Name)*   **C. Date of Delivery**

_Debra Bilodeau_

**D. Is delivery address different from item 1?**  ☐ Yes
If YES, enter delivery address below:  ☐ No

**3. Service Type**

☑ Certified Mail®

Domestic Return Receipt

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117 | **FILED BY E-DELIVERY**<br>ALAMEDA COUNTY<br>July 01, 2021<br>CLERK OF<br>THE SUPERIOR COURT<br>By Elaine Jefferson, Deputy |

TELEPHONE NO.: (415) 913-7800   FAX NO. *(Optional):* (415) 759-4112
E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com
ATTORNEY FOR *(Name):* The Last Beach Cleanup

CASE NUMBER:
**RG21090702**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: The Last Beach Cleanup
DEFENDANT/RESPONDENT: TerraCycle, Inc, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | RG21090702 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: July 19, 2021   Time: 3:00 pm   Dept.: 517   Div.:   Room:

Address of court *(if different from the address above):*

[X] **Notice of Intent to Appear by Telephone, by** *(name):* Howard Hirsch

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* The Last Beach Cleanup
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* July 2, 2020
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(Describe, including causes of action):*
      Plaintiff alleges that Defendants violate California Business & Profession Code §§ 17200, 17500, 17580, and 17580.5 with respect to advertising consumers goods as recyclable (see attachment for more details).

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev, July 1, 2011] | **CASE MANAGEMENT STATEMENT** | CEB<br>www.ceb.com | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|---|

EXHIBIT A - Page 64

CM-110

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TerraCycle, Inc, et al. | RG21090702 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Please see attachment.

[X]   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request [ ] a jury trial [X] a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   [ ] The trial has been set for *(date):*
b.   [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Complex, expert-intensive case with multiple parties that have been prioritizing settlement efforts.
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   [X] days *(specify number):* 5-10
b.   [ ] hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [X] by the attorney or party listed in the caption [ ] by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                      f.   Fax number:
e.   E-mail address:                                         g.   Party represented:
[ ]   Additional representation is described in Attachment 8.

9.   **Preference**
[ ]   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel [X] has [ ] has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)   [ ]   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   [ ]   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   [X]   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Plaintiff seeks equitable relief. See Rule 3.811(b)(1).

**CM-110**

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TerraCycle, Inc, et al. | RG21090702 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TerraCycle, Inc, et al. | RG21090702 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

The parties have been focusing on settlement and the Complaint was only served recently. However, Plaintiff anticipates sending Defendants a proposed stipulated order regarding the discovery of electronically stored information and a proposed protective order to protect sensitive information produced in discovery. Overall, Plaintiff anticipates fact discovery to take approximately 18 months, and expert discovery to take approximately 6 months thereafter.

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup | RG21090702 |
| DEFENDANT/RESPONDENT: TerraCycle, Inc, et al. | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Given that the Parties have engaged in extensive settlement discussions in an effort to resolve this matter, Plaintiff requests that the Court continue the initial CMC for 60 days. Please see attachment for more details.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* Because the Parties were prioritizing settlement efforts, Plaintiff did not serve the Complaint until recently, Defendants have not appeared, and the case is not at issue.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*    1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 2, 2021

Howard Hirsch
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CEB
www.ceb.com

Page 5 of 5

**MC-025**

| | |
|---|---|
| SHORT TITLE:<br>The Last Beach Cleanup v. TerraCycle, Inc., et al. | CASE NUMBER:<br>RG21090702 |

**ATTACHMENT** *(Number)*: 4b

*(This Attachment may be used with any Judicial Council form.)*

Plaintiff The Last Beach Cleanup ("Plaintiff") brings this action on behalf of itself based on Defendants' violation of California's Unfair Competition Law, Business and Profession Code § 17200, et seq., based on fraudulent, unlawful and unfair acts and practices, as well as the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq. and the Environmental Marketing Claims Act, Cal. Bus. & Prof. Code §§ 17580 and 17580.5.

Plaintiff alleges that Defendants advertise, market and sell a variety products and packaging made from single-use plastics and other materials that are difficult to recycle with an unqualified representation stating that they are recyclable with TerraCycle, Inc. (the "Products"). TerraCycle, Inc. ("TerraCycle") markets itself as working with companies to offer free mail back programs for consumers to recycle products that established municipal recycling programs are not capable of recycling. As an initial matter, a reasonable consumer examining the Products' advertising, marketing materials or labels will not realize that "with TerraCycle" or other similar phrases means that, in order to recycle the Products, the consumer will need to sign up for a program that in turn requires that individual to take numerous, cumbersome steps to send the Products by mail to TerraCycle for recycling. And, even if a consumer discovers that, there is an undisclosed catch: Defendants have strict participation limits that prohibit most consumers from participating in their recycling programs. In other words, consumers purchase the Products with the belief that they will be able to recycle the Products for free (either through their municipal recycling program or by sending the Products to TerraCycle), only to find out after purchasing the Products that the Products cannot be placed in their recycling bins and that participation in Defendants' free recycling programs are closed. While the free programs are closed to new participants, consumers are offered the option of purchasing costly "Zero Waste Boxes" to return the Products to TerraCycle at a hefty price. Left with no other free choices, consumers then need to discard the packaging into the trash where it will ultimately end up in a landfill. Worse yet, some consumers instead discard the packaging into their curbside recycling bins, thereby contaminating legitimate recycling streams with unrecyclable materials and increasing costs for municipalities. Thus, Defendants' unqualified representations that the products are recyclable are deceptive to a reasonable consumer and violate California law.

In addition, even as to those few Products that Defendants accept in their limited recycling programs, it is unclear whether the Products are actually recycled. Under both California law and the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "Green Guides"), Defendants are required to maintain records supporting the validity of any environmental marketing claims. However, Defendants have not provided records substantiating that the Products collected are actually recycled and manufactured into new products.

Plaintiff has no adequate remedy at law for the injuries currently being suffered as an award of monetary damages would not redress Defendants' false, misleading, and deceptive statements. Thus, Plaintiff seeks an order enjoining Defendants' acts of unfair competition and other fraudulent, unlawful and unfair acts and practices. Plaintiff also asks this Court to award Plaintiff his reasonable attorneys' fees and costs of suit, pursuant to Code of Civil Procedure § 1021.5 or any other applicable theory.

Since serving its pre-suit demand in December 2020 and filing the Complaint in March 2021, Plaintiff has engaged in extensive settlement discussions in an effort to resolve its claims. Due to these settlement efforts, Plaintiff refrained from serving the Complaint until recently, Defendants have not appeared yet, and the case is not at issue. Therefore, Plaintiff requests that the Court continue the initial CMC for 60 days to enable all of the parties to participate.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  1  of  1 

*(Add pages as required)*

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800        FAX NO. *(Optional)*: (415) 759-4112<br>E-MAIL ADDRESS *(Optional)*: hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name)*: The Last Beach Cleanup | FOR COURT USE ONLY<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>July 01, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Nicole Hall, Deputy<br><br>CASE NUMBER:<br>**RG21090702** |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda<br>STREET ADDRESS:    24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    Hayward, CA 94544<br>BRANCH NAME:    Hayward Hall of Justice | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents)*: please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served)*:

   The Procter & Gamble Company

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   David Taylor, 1 Procter and Gamble Plaza, Cincinnati, OH 45202-3315

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*:                (2) at *(time)*:

   b. ☐ **by substituted service.** On *(date)*:                at *(time)*:                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                from *(city)*:                or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* June 18, 2021          (2) from *(city):* San Francisco, CA

(3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [✔] On behalf of *(specify):* The Procter & Gamble Company
      under the following Code of Civil Procedure section:

|   |   |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
|   | [ ] other: |

7. **Person who served papers**
   a. Name: Alexis Pearson
   b. Address: 503 Divisadero Street, San Francisco, CA 94117
   c. Telephone number: (415) 913-7800
   d. **The fee** for service was: $
   e. I am:
      (1) [✔] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor.
         (ii) Registration No.:
         (iii) County:

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 1, 2021

▶

| Alexis Pearson |
|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) |

(SIGNATURE )

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER: RG 21-090702 |

1  Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page __3__

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A - Page 72

**SENDER: COMPLETE THIS SECTION**

- Ensure items 1, 2, and 3 are completed.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature:** ( ☐ Addressee or ☐ Agent)

X _Carl Gamble_

**B. Received By:** (Printed Name)

Earl Gamble

**C. Date of Delivery**

6-21-21

**1. Article Addressed to:**

THE PROCTER & GAMBLE COMPANY
c/o David Taylor
1 Procter And Gamble Plaza
Cincinnati OH 45202-3315

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**

☑ Certified Mail®

9490 9118 9956 0623 5853 55

**2. Article Number** (Transfer from service label)

9414 7118 9956 0623 5853 13

PS Form 3811 Facsimile, July 2015 (SDC 3930)          Domestic Return Receipt

# Superior Court of California, County of Alameda
# Hayward Hall of Justice

| | |
|---|---|
| THE LAST BEACH CLEANUP | No. <u>RG21090702</u> |
| Plaintiff/Petitioner(s) | |
| VS. | Case Management Order |
| TERRACYCLE, INC. | |
| Defendant/Respondent(s) | Judge: Stephen Pulido |
| (Abbreviated Title) | |

ORDER re: CASE MANAGEMENT

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

NO APPEARANCE REQUIRED ON JULY 19, 2021.

FURTHER CONFERENCE

A further Case Management Conference is scheduled for 12/16/2021 at 03:00 PM in Dept. 517.

Updated Case Management Statements in compliance with Rule of Court 3.725, on Judicial Council Form CM-110, must be filed no later than 12/01/2021. If the foregoing date is a court holiday or a weekend, the time is extended to the next business day.

Matter continued to allow defendants to file responsive pleadings and for the parties to continue settlement discussions.

NO EMAIL FILINGS IN DEPT. 517.  Dept. 517 does not accept any documents for filing, review or as a courtesy copy via the dept. e-mail or dept. fax. Please file your documents with the clerk's office and provide a courtesy copy directly to Dept. 517

INFORMAL DISCOVERY CONFERENCES: Pursuant to Local Rule 3.31, unless otherwise authorized by the Court, discovery meet and confer obligations require an in-person or telephonic conference between parties.  If a resolution is not reached, an Informal Discovery Conference (IDC) with the Court pursuant to Code of Civil Procedures Section 2016.080 must be requested and either held or denied before a party may obtain a reservation number for the filing of any discovery motion. IDC's are held on Wednesday's at 3:00pm and Friday's at either 8:30am or 1:30pm. Please email Dept. 517 for scheduling.

REVIEW YOUR TENTATIVE CASE MANAGEMENT CONFERENCE ORDERS ("TCMO"): Two days before each case management conference, review your Register of Actions ("ROA") online at www.alameda.courts.ca.gov/domainweb, scroll down to the most recent entries in your ROA and click on "Tentative Case Management Order," carefully review the TCMO, and comply with any directives stated therein. DO NOT search under the "Tentative Rulings" tab for your TCMO.  If you are unable to access your TCMO, contact the courtroom clerk at Dept517@alameda.courts.ca.gov.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  07/06/2021

Judge Stephen Pulido

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800     FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>July 08, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Shabra Iyamu, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS:   24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Hayward, CA 94544
BRANCH NAME:   Hayward Hall of Justice

CASE NUMBER:
**RG21090702**

| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*
      Gerber Products Company

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Bryan Merryman, 555 South Flower Street, Suite 2700, Los Angeles, CA 90071

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):*               (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*          from *(city):*                    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

EXHIBIT A - Page 76

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5.  c. ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* June 18, 2021     (2) from *(city):* San Francisco, CA

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of *(specify):*

  c. ☐  as occupant.

  d. ☑  On behalf of *(specify):* Gerber Products Company

    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)

      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

      ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)

      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

      ☐ 416.50 (public entity)      ☐ 415.46 (occupant)

                                        ☐ other:

7.  **Person who served papers**

  a.  Name: Alexis Pearson

  b.  Address: 503 Divisadero Street, San Francisco, CA 94117

  c.  Telephone number: (415) 913-7800

  d.  **The fee** for service was: $

  e.  I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i)  ☐ owner ☐ employee ☐ independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 8, 2021

Alexis Pearson           ▶ *alexis Pearson*

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |
| --- | --- |

1 | Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 | This page may be used with any Judicial Council form or any other paper filed with the court.          **Page ___3___**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard Hirsch, State Bar No. 213209<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br><br>TELEPHONE NO.: 415-913-7800      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PLAINTIFF/PETITIONER: The Last Beach Cleanup

DEFENDANT/RESPONDENT: Terracycle, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG 21-090702 |
|---|---|

TO *(insert name of party being served):* Gerber Products Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 18, 2021

Alexis Pearson
_____
(TYPE OR PRINT NAME)

► *alexis Pearson*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

   Civil Case Cover Sheet; Notice of Hearing; Alternative Dispute Resolution Packet; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

*(To be completed by recipient):*

Date this form is signed: July 8, 2021

Bryan Merryman, Attorney for Gerber Products Company
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► *BrcAboy*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800    FAX NO. *(Optional)*: (415) 759-4112<br>E-MAIL ADDRESS *(Optional)*: hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name)*: The Last Beach Cleanup | *FOR COURT USE ONLY*<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>July 13, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Milagros Cortez, Deputy<br><br>CASE NUMBER:<br>**RG21090702** |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: Hayward Hall of Justice | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents)*: please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served)*:
   The Clorox Company

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   Robert Howard, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

EXHIBIT A - Page 80

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* June 18, 2021    (2) from *(city):* San Francisco, CA

    (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* The Clorox Company
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Alexis Pearson

  b. Address: 503 Divisadero Street, San Francisco, CA 94117

  c. Telephone number: (415) 913-7800

  d. **The fee** for service was: $

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 8, 2021

| Alexis Pearson | ▶ *(signature)* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER: RG 21-090702 |
|---|---|

1 Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court. Page __3__

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A - Page 82

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Howard Hirsch, State Bar No. 213209<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>  TELEPHONE NO.: 415-913-7800    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>  STREET ADDRESS: 24405 Amador Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Hayward, CA 94544<br>  BRANCH NAME: Hayward Hall of Justice |
|---|

| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. |
|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG 21-090702 |
|---|---|

TO *(insert name of party being served):* The Clorox Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: June 18, 2021

Alexis Pearson
    (TYPE OR PRINT NAME)
    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

    Civil Case Cover Sheet; Notice of Hearing; Alternative Dispute Resolution Packet; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

*(To be completed by recipient):*

Date this form is signed: July 8, 2021

Robert Howard, Attorney for Defendant
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800 FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | **FOR COURT USE ONLY**<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>July 26, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Xian-xii Bowie, Deputy<br><br>CASE NUMBER:<br>**RG21090702** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup<br><br>DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | CASE NUMBER:<br>RG 21-090702 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*
      L'Oreal USA, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   Stephane Rinderknech, 10 Hudson Yards, New York, NY 10001-2157
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. [✔] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):* June 18, 2021      (2) from *(city):* San Francisco, CA

     (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

     [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. [ ] as an individual defendant.

   b. [ ] as the person sued under the fictitious name of *(specify):*

   c. [ ] as occupant.

   d. [✔] On behalf of *(specify):* L'Oreal USA, Inc.

     under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**

   a. Name: Alexis Pearson

   b. Address: 503 Divisadero Street, San Francisco, CA 94117

   c. Telephone number: (415) 913-7800

   d. **The fee** for service was: $

   e. I am:

     (1) [✔] not a registered California process server.

     (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

     (3) [ ] a registered California process server:

       (i) [ ] owner [ ] employee [ ] independent contractor.

       (ii) Registration No.:

       (iii) County:

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 23, 2021

| Alexis Pearson | *(signature)* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER: RG 21-090702 |
|---|---|

1  Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers,* **not** *line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.                    Page ___3___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A - Page 86



**L'Oreal USA**

## Delivered

Tuesday, June 22, 2021 12:09 PM
NEW YORK, NY 10001

**Tracking:** 9414711899560623717745 ›

**Return Receipt:** 9490911899560623717787 ›

🖹 Create Return Label   ✉ Email Tracking Info

**Addresses**

**Shipped To:** L'Oreal USA
Inc.
c/o Stephane Rinderknech
10 Hudson Yards
New York, NY 10001-2157
United States

**Shipped From:** 94117

**Return To:** LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, CA 94117

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Howard Hirsch (SBN 213209)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800     FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* hhirsch@lexlawgroup.com<br>ATTORNEY FOR *(Name):* The Last Beach Cleanup | FOR COURT USE ONLY<br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>July 26, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Xian-xii Bowie, Deputy<br><br>CASE NUMBER:<br>**RG21090702** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS:   24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Hayward, CA 94544
BRANCH NAME:   Hayward Hall of Justice

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER:<br><br>RG 21-090702 |
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* please see Additional Page.

3. a. Party served *(specify name of party as shown on documents served):*
   The Coca-Cola Company

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   James Quincey, 1 Coca Cola Plaza, N.W. Atlanta, GA 30313-2420

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  {1} on *(date):*          (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: The Last Beach Cleanup | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Terracycle, Inc., et al. | RG 21-090702 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* June 18, 2021     (2) from *(city):* San Francisco, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* The Coca-Cola Company
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
    ☐ other:

7. **Person who served papers**
  a. Name: Alexis Pearson
  b. Address: 503 Divisadero Street, San Francisco, CA 94117
  c. Telephone number: (415) 913-7800
  d. **The fee** for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 23, 2021

| Alexis Pearson | ▶ *[signature]* |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

| SHORT TITLE: The Last Beach Cleanup v. Terracycle, Inc., et al. | CASE NUMBER: RG 21-090702 |
|---|---|

1  Notice of Hearing; Notice of Assignment; Notice of CMC and Order; Order Denying Complex

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.                Page ___3___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT A - Page 90

